By the Court. Oakley, Ch. J.
We are all of opinion that, upon the evidence before us, the plaintiff cannot be permitted to recover. The ground of our decision is, that the trunk was never placed in the charge or custody of the defendants, as common carriers. It was in the exclusive possession and custody of the plaintiff himself, when the voyage commenced, and so remained at the time of the loss. He took it with him into the steerage, placed it under his bed, and fastened it with ropes to his berth ; all his conduct in relation to it plainly showing that he relied upon his own care and vigilance to protect him against its loss. Whether the usage proved was binding upon the plaintiff, unless communicated and assented to by him, and whether the evidence justifies the presumption that it was in fact made known to him, are questions which we deem it unnecessary to consider, since, even supposing him to *341 have been ignorant of the existence of the usage, we hold that he is concluded by his acts.
The case is not to he distinguished from that of a guest at an inn, who, when he takes his luggage to his own chamber, of which he keeps the key, discharges the innkeeper (Burgess v. Clements, 4 M. & Sel. 306; Jervis v. Utica R. R. Co. 607; 6 Hill, 47). The guest has his election, to trust for the safety of his property to the care and responsibility of the innkeeper, or to Ms own prudence. He cannot impute negligence to the innkeeper, when his conduct shows that he trusted Mmself. The innkeeper is not liable unless the property is placed in his charge. It is not so placed when the guest retains its exclusive possession and control, and we see no reason to doubt that these remarks equally apply to the relation between passengers and those who undertake to transport them for hire.
Mr. Justice Bronson, in the able opinion delivered by him, in the case of Hawkins v. Hoffman (6 Hill, 586), appears to have shown that the doctrine, that those who transport persons for hire, are responsible for the safe keeping arid delivery of the baggage of passengers, is of modern origin, and rests not upon any positive rule of the common law, but upon a contract which has been implied from usage ; and it seems a necessary consequence, that this implication may be repelled by evidence of an opposite usage. If so, the evidence of usage given upon the trial was properly received, and was of itself conclusive. It is not, however, upon tMs ground, but upon the reasons we have before given, that we place our judgment, which must have been the same had no usage been proved. The defendants, as carriers, never had charge of the plaintiff ?s trunk, and are not responsible for its loss.
The verdict for the plaintiff must be set aside, and a verdict and judgment thereon be entered for the defendants, with costs.