MINOR VS. THE CHICAGO AND NORTH WESTERN RAILWAY
COMPANY.

Where a railway passenger, on arriving at his place of destination, takes his baggage into his own exclusive possession and control, but afterwards, for his own convenience, hands it to the baggage master at the depot to be kept until sent for, the company is not liable for the baggage as a common carrier, but is liable only for gross negligence, the bailment being gratuitous.

APPEAL from the Circuit Court for *Jefferson* County.

The case is stated by the court. The verdict and judgment were for the plaintiff; and the defendant appealed.

*Enos & Hall*, for appellant.

*Gill & Barber*, for respondents, cited 12 Wend., 591; 1 Smith's L. C., 300; Redfield on Railways, p. 253, subd. 7 et seq.; 5 Term, 389; 8 M. & W., 258.

*By the Court*, COLE, J. The proof clearly shows that this was a case of gratuitous bailment, where the company was only bound to exercise slight diligence and was liable for gross negligence.

It appears from the respondent's own testimony, that she was a passenger on the road of the appellant from Milton to Watertown; that she arrived at the depot of the company at Wat-

ertown about 5 o'clock in the morning of the 7th of November, 1863, and had with her a valise or hand trunk which she had taken on to the cars with her and kept under her control. She says: "After the arrival at the depot, Mrs. Gay took the "baggage and went with it into the sitting room; a man came "soon after, and opened the baggage room, and commenced "putting in baggage. I gave our baggage to him, and asked "if he could save it for us a few hours till we would send for "it; he said yes, he would, it would be safe there in the bag-"gage room, and took it and put it in the baggage room. I saw "him putting baggage in and locking the door."

It appears to us that this evidence shows, beyond all question, a case of gratuitous bailment. The respondent had arrived at the end of her route. Her fellow passenger had taken the valise from the cars into the sitting room. The baggage was under her exclusive control. The liability of the company had ceased. It no longer had possession of the baggage, or any control over it, until it was redelivered to the baggage master to be kept for a few hours in the baggage room for the mere convenience of the owner. The liability of the company for the safe transportation of the baggage to the end of the route, which had been fully discharged, would not again attach because, for her own accommodation and convenience, she redelivered her valise to the agent of the company to be placed in the baggage room. Suppose the respondent had not been upon the train at all, but had happened at the depot, and desired the baggage master to take her valise and put it in the baggage room and keep it for her a few hours until she should send for it: would not the liability of the company have been precisely the same it is now? It appears to us that it would. The fact that the respondent had been a passenger on the road cannot enlarge the liability of the company, because she had arrived at her destination, had left the cars, and taken into her exclusive possession and control her baggage, when she gave it back to the agent to be kept for her own convenience. See

*Richards v. The London and South Coast R. R. Co.*, 7 Man., Gran. and Scott, 839 ; *Butcher v. Same*, 29 Eng. Law and Eq., 347 ; *Cohen v. Frost*, 2 Duer, 335. The court instructed the jury that the company was liable for the exercise of ordinary care ; whereas, if the bailment was gratuitous, as the proof clearly shows that it was, the company was bound to a less degree of diligence and a more limited responsibility. Story on Bailment, §§ 174 et seq.

The judgment of the circuit court, is reversed and a new trial ordered.