JASON WEEKS, Appellant, *v.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY, Respondent.

While a carrier of passengers is bound to exercise the utmost vigilance in protecting his passengers from violence of strangers, yet, for a neglect to perform this duty, his liability is no more extensive than in cases of negligence by which injury comes to the person or property of the passenger from other causes.

The liability in such case arises on contract, and is limited to such damage as is within the contemplation of the contract between the carrier and the passenger, or within the scope of the duty of the former.

Under the ordinary contract of carriage, a carrier of passengers makes no contract and enters into no duty as to articles of property of great value, forming no part of a passenger's ordinary baggage or personal equipment.

Where, therefore, a passenger carries such articles upon his person, without notice to, or knowledge of, the carrier, and they are violently taken from him by robbers, in the absence of gross negligence or fraud, the carrier is not liable, although negligent in the exercise of his duty of protecting his passengers from violence.

Plaintiff was a passenger on one of defendant's trains going to New York. On arrival at Forty-second street, the cars were disconnected and drawn down by horses. The car in which plaintiff was was left standing alone, without any employe of the road upon it. Plaintiff stepped to the door of the car, where several persons, not passengers, attacked and robbed him of a package of bonds of the value of $16,000, which he had upon his person. In an action to recover such value, *held*, that the bonds were not a part of the property which plaintiff could, in his ordinary relation as passenger, bear about his person at defendant's risk; and, in the absence of notice to it, or knowledge on its part, that he was carrying them, the loss of the bonds could not be taken into consideration in fixing the damages with which defendant was chargeable for a breach of its duty to protect plaintiff from violence

As to whether, where a passenger is robbed of articles of clothing, or usual and reasonable articles of personal adornment, under circumstances charging the carrier with a neglect to perform his duty of protecting the passenger from violence, the carrier is liable for the loss, *quære.*

The complaint alleged that three men entered the car, and, with violence and great force, assaulted plaintiff and robbed him of the bonds No injury to the person was alleged. Judgment was asked for the amount of the bonds, with interest. The inquiry upon the trial was confined to the loss of the bonds; and the court, in its charge, only presented that question, directing the jury, in case they found for plaintiff, to find " the value of the bonds and interest," as stipulated between counsel.

No suggestion or request was made on the part of plaintiff that the question of bodily harm should be submitted. Defendant's counsel moved to dismiss the complaint, on the ground that "the injury and grievance is too remote to charge the defendant with damages," and that, "under the circumstances of the case, plaintiff has no legal ground for a recovery." *Held*, that the motion sufficiently presented the question that there was no evidence upon which the court should submit to the jury whether plaintiff was entitled to recover for the bonds; that this was the only question for the jury, and that the motion should have been granted.

(Argued December 4, 1877; decided January 15, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, sustaining exceptions, setting aside a verdict in favor of plaintiff, and ordering a new trial. (Reported below, 9 Hun, 669.)

This action was brought to recover damages alleged to have been sustained by defendant's negligence. The complaint alleged in substance, and plaintiff's evidence tended to show, that on November 9, 1871, he was a passenger on one of defendant's trains from New Haven to New York, which train arrived in New York between 5 and 6 A. M. The cars were detached at Forty-second street, and drawn down to the depot by horse-power. The car in which plaintiff was, was left in Fourth avenue, unprotected by any conductor, brakeman or other employe of the road. Three men entered the car, who, as plaintiff went to the door of the car, "with violence and great force assaulted plaintiff," took from his person, and carried away a package of United States bonds of the value of $16,000. Plaintiff demanded judgment for $16,000, with interest, besides costs. Defendant's counsel moved to dismiss the complaint at the close of plaintiff's evidence, and at the close of all the evidence upon the following grounds:

"That there is no evidence to carry the case to the jury. That the injury and grievance which the plaintiff complains of is too remote to charge the defendant with damages.

"That the assault upon the plaintiff could not have been foreseen, and was not the reasonable or probable consequence

of any omission of duty on the part of the defendant or its agents, and that there was, under the circumstances of the case, no reason to have apprehended any such attack upon the plaintiff. That nothing was brought home to the knowledge of the defendant or its agents, from which such attack could have been reasonably inferred, and that under all the circumstances of the case the plaintiff has no legal grounds for recovery against the defendant."

The motion was denied, and counsel duly excepted.

The court submitted the question of negligence to the jury, and charged that if they found for plaintiff, "the amount would be $16,685.47, that being the value of the bonds and interest as stipulated between the counsel for the parties on trial." The jury rendered a verdict for the amount specified.

Exceptions were ordered to be heard at first instance at General Term.

*Luther R. Marsh,* for appellant. Plaintiff was entitled to go to the jury on the question of damages. (*Brady* v. *Aldrich,* 40 N. Y., 504; *Hale* v. *Omaha Nat. Bk.,* 49 id., 626.) The question of defendant's negligence, or plaintiff's contributory negligence, were exclusively questions of fact. (*Thurber* v. *Har. R. R. Co.,* 60 N. Y., 326, 331.) A railroad company is liable to a passenger for any injury resulting from violence against which it should have guarded, whether coming from passengers or outsiders. (*P. F. W. & C. R. R. Co.,* v. *Hinds,* 53 Penn. St., 512; 7 Am. L. Reg. [N. S.], 14; *Flint* v. *N. & N. Y. Tr. Co.,* 6 Blatch., 158; 34 Com., 534; Redf. on Carriers, §§ 353, 355; *Putnam* v. *Seventh Ave. R. R. Co.,* 54 N. Y., 108; *P. & C. R. R. Co.* v. *Pillow,* 76 Penn. St., 510; *Hinds* v. *R. R. Co.,* 3 P. F. S., 512; *N. O. & St. L. Co.* v. *Burke,* Am. L. Rev., 179 [Oct., 1877].)

*Calvin G. Child,* for respondent. Defendant was not liable for the bonds. (*Dexter* v. *S. B. & N. Y. R. R. Co.,* 42 N. Y., 326–329; *Orange Co. Bk.* v. *Brown,* 9 Wend., 85;

*Magnin* v. *Dinsmore*, 62 N. Y., 35; *Merrill* v. *Grinnell*, 30 id., 594–612; *Pardee* v. *Drew*, 25 Wend., 459; *Nevins* v. *B. S. S. B. Co.*, 4 Bosw., 225; *Jordan* v. *F. R. R. R. Co.*, 5 Cush., 69–74; *Dunlap* v. *Int. S. B. Co.*, 9 Mass., 371; *Smith* v. *B. & M. R. R. Co.*, 44 N. H., 325; *C. & C. R. R. Co.* v. *Marcus*, 38 Ill., 219; *Abbott* v. *Bradstreet*, 55 Me., 530; *Hicock* v. *Naug. R. R. Co.*, 31 Conn., 281; *First Nat. Bk., etc.*, v. *M. & C. R. R. Co.*, 20 Ohio St., 259–279; *Cahill* v. *N. W. R. Co.*, 19 C. B. [N. S.], 818; *Macron* v. *G. W. R. Co.*, 6 Q. B. [L. R.], 612; 2 Redf. on Railways [5th ed.], 56; 4 Ang. on Carriers, § 119.) A carrier is not liable for property taken into the exclusive possession of the passenger. (*Fruloff* v. *Cent. R. R. Co.*, 10 Blatch., 16; *Grosvenor* v. *N. Y. C. R. R. Co.*, 39 N. Y., 34; *Cohen* v. *Frost*, 2 Duer., 335; *Tower* v. *U. & S. R. R. Co.*, 7 Hill, 47; *Doyle* v. *Kiser*, 6 Ind., 242; *Dibble* v. *Brown*, 12 Geo., 217; *Powell* v. *Meyers*, 26 Wend., 591; 2 Redf. R. Cas., 138; *Han. R. R. Co.* v. *Swift*, 12 Wal., 262; *Talley* v. *G. W. R. Co.*, 6 C. P. [L. R ], 44; *First Nat. Bk.* v. *M. & C. R. R. Co.*, 20 Ohio St., 259.) There was no evidence of negligence on the part of defendant to go to the jury. (*Webb* v. *R. W. & O. R. R. Co.*, 49 N. Y., 429; *Vaughan* v. *T. V. R. Co.*, 5 H. & M., 679–687; *Morgan* v. *Crccker*, 62 N. Y., 626; *Reynolds* v. *N. Y. C., etc., R. R. Co.*, 58 id., 248–251; *Putnam* v. *B'way & Seventh Ave. R. R. Co.*, 55 id., 108–116; *Flint* v. *N. & N. Y. Tr. Co.*, 6 Blatch., 158; *P. Ft. W. & C. R. R. Co.* v. *Hinds*, 53 Penn. St., 512; *Ryan* v. *N. Y. C. R. R. Co.*, 35 N. Y., 210; *Hobbs* v. *L. & S. W. R. R. Co.*, 10 Q. B. [L. R.], 111.) Defendant was not bound to protect plaintiff from the strangers or passengers in acts it had no reason to anticipate, and of which it was not apprised. (*Putnam* v. *B'way & Seventh Ave. R. R. Co.*, 55 N. Y., 116, 118; *McGrew* v. *Stone*, 53 Penn. St., 436; *Sharp* v. *Powell*, 7 C. P. [L. R.], 253; *P. & C. R. R. Co.* v. *Pillow*, 76 Penn. St., 510; *N. O. St. L. & C. R. R. Co.* v. *Burke Am. L. Rev.*, Oct., 1877, p. 179; *Webb* v. *R. W. & O. R. R. Co.*, 49 N. Y., 420; *Ryan* v. *N. Y. C. R. R. Co.*, 35 id.,

210; *Penn. R. R. Co.* v. *Kerr*, 62 Penn. St., 353; *Hobbs* v. *L. & S. W. R. Co.*, 10 Q. B. [L. R.], 111; *Pearson* v. *Cox*, 2 C. P. [L. R.], 269.)

Folger, J. The questions in this case arise upon a motion to dismiss the complaint. The grounds of the motion are somewhat generally expressed, but may be considered as making the proposition, that there was no evidence upon which the court should submit to the jury, whether the plaintiff should recover for the value of the bonds taken from him. The plaintiff now insists that this was not the only question for the jury, and that it was for them also to inquire, whether he did not suffer bodily harm from the assault and battery upon him, and thus sustain damage for which he should have compensation.

This position of the plaintiff cannot be maintained. Plainly, the gist of this action was not for bodily damage, nor was that an incidental part of it kept in consideration as an element of recovery. The complaint does indeed aver that three men entered the car, and with violence and great force assaulted the plaintiff. There is lacking, though, all the other averments which are wont to be made in an action for an assault and battery, either under the common-law forms of pleading, or those which conform to the Code.

The demand for judgment, is for a sum just equal to the averred value of the bonds taken, (though this is not of controlling weight [*Tyng* v. *Com. Warehouse*, 58 N. Y., 308]), with interest thereon; the latter of which is a demand for judgment, which was never yet, we venture to say, annexed to a statement of the amount of damages from an assault and battery. The course of the trial, as disclosed by the record, shows that the inquiry into the outrage upon the plaintiff was confined to the loss by him of his bonds, and the manner in which they were taken from him; and the facts of the violence to his person were drawn out, but as a part of the violence of taking away his property. And when the case is at last submitted to the jury, the charge of

the court labors with the matter of the loss of the bonds, with no word of the bodily harm to the plaintiff, and with no suggestion or request in behalf of the plaintiff that there should be.    There is this explicit instruction to the jury : "In case you find for the plaintiff, the amount would be $16,685.47, that being the value of the bonds and interest, as stipulated between the counsel."    There was no exception or suggestion drawn from either counsel by this remark, which was not only significant in itself, as showing that the court had heard of no other damages sought, but also as showing that the counsel, in stipulating upon the amount, had confined themselves to the value of the bonds, and had not conferred upon, or thought of, the subject of the bodily harm.    True, we are not strictly bound to the pleadings, as once we were, so that they are not always conclusive; but the pleadings, the case made, the findings of a judge or referee, the questions presented to the jury, the exceptions taken, and whatever else appears upon the record which will inform; all these must advise us what was the issue made and tried, and what we are to review as the real matter controverted between the parties.    (McKecknie v. Ward, 58 N. Y., 541.)

We think that it would be going wide from the track of the trial, if we should now render a judgment based upon the notion that damages for the bodily harm received by the plaintiff was any part of the matter in litigation between the parties.    The issue contested was upon a graver and far more important matter.

We must treat the action as the court and counsel treated it at the trial, and for aught that appears upon the record, as it was treated at the General Term, as one to recover of the defendants the value of the bonds lost and never restored.

Then the case is this: The plaintiff bought of the defendant the ordinary passage ticket, and paid for it the usual price.    By that act the defendant assumed to him the duty of carrying him and his ordinary baggage — that is, his ordinary clothing, articles of personal convenience, usual orna-

ments, and money for his personal expenses. He carried in his clothing, upon his person, without the knowledge of the defendant, without any notice to it, as matter of fact solely in his own care and custody, a package of negotiable securities of much value. These securities were taken from him, in the car of the defendant, by the violence of men who had no connection with the defendant, and whose presence upon the car was not known to the defendant, though it might have been; and the jury have found that he was not guilty of negligence contributing to his loss, and that the defendant was guilty of negligence in not caring for the protection of the plaintiff from violence while on its car, and that because of that negligence the robbery took place.

If the claim of the plaintiff is to be sustained, it must be held that, from the circumstances of the case, the defendants owed such duty to the plaintiff as that it was an insurer of the safe carriage of his securities, in the mode of carriage adopted by him, and for no greater consideration than the usual price or compensation paid by any passenger on its vehicles, and without knowledge or notice that he had them upon his person.

The mind conversant with legal topics, and wont to look at the consequences of the laying down of a rule of law, and the lengths to which it may logically be carried, does not readily yield assent to that proposition, and inquires upon what principle the liability of the defendant is sought to be established. It is apparent that if the carrier is liable in such case for a loss by robbery, it is liable also for a loss by theft by strangers (see *Abbott* v. *Bradstreet*, 55 Maine, 530); or for loss resulting from negligence in any way, no matter what the character of the valuables, or the amount of them borne upon the person, and in the sole care and custody of the passenger. It is then seen that the carrier of passengers; against its will, with no knowledge or notice of the charge and risk put upon it, becomes more in fact than a carrier of passengers; it becomes an "express" carrier of packages of value. It becomes such "express" carrier with

unusual burdens.   It is without knowledge of the value for which it is liable.   It is not given the custody of the package.   It is liable to be the subject of false and fraudulent claims of individuals; and of false and collusive claims of conspirators; and the victim of wicked plans, sustained by made-up testimony.   This, perhaps, partakes of the argument *ab inconvenienti.*   But it is a maxim : *Argumentum ab inconvenienti, plurimum valet in lege.*   Good authority says that arguments, in doubtful cases, drawn from inconvenience, are of great weight.   (*Per* HEATH, J., *Steel* v. *Houghton, et ux,* 1 H. Bl., 51–61; *Doe, ex dem.,* v. *Acklam,* 2 B. & C., 779–798 ; *Per* DALLAS, J., *Deane* v. *Clayton,* 7 Taunt., 489–527.)   And this argument is worthy of notice in this case against a carrier of passengers only, for it was in use in olden time against a carrier of goods, to found the law of his duty and liability.   The carrier of goods is now held liable for the loss of goods stolen from him, though without his negligence.   The rigor of the law in this respect arises from reasons of public policy (which is another phrase for public convenience), and to prevent the combinations that might be made with thieves and robbers.   (*Schieffelin* v. *Harvey,* 6 J. R., 170–177, and cases there cited.)   It would seem that, it should have another side, too, and be applied in favor of a carrier of passengers to protect him from risks which he has not knowingly assumed.   And as is well said, at General Term, " the rule limiting the liability of the carrier to a reasonable amount of money to meet the expenses and conveniences of the traveler, would be so completely evaded as to be practically nullified."   The inquiry for a principle for the proposition of the plaintiff to rest upon, is made with more doubt of a convincing answer, for the reason that there is a principle at the foot of the obligation or duty of a common carrier, which seems adverse to the right of action of the plaintiff.   A common carrier is bound, in that his occupation is in its nature a public one, to carry all that is offered to him for carriage in the line of his particular branch of service.   For this he has a right to demand a reasonable

compensation. The amount of that compensation must in reason vary, as the amount of risk which he takes is varied. And he who employs the carrier is bound not to conceal from him the facts in his case, which materially increase that risk. (*Pardee* v. *Drew*, 25 Wend., 459.) And if he does conceal, it is a fraud upon the carrier if he is to be subject to a liability so much greater than he contracts for, or than he is bound to suppose is assumed by him. (*Sewall* v. *Allen*, 6 Wend., 335; *per* Chancellor, p. 349; *Nat'l Bk* v. *M. & C. R. R.Co.*, 20 Ohio St. 259.) Now, it is apparent that the defendants would not have engaged with the plaintiff to carry safely those securities, left upon his person and solely in his custody, at no more than the usual rate of compensation for the carriage of a passenger and his ordinary baggage and traveling paraphernalia. And inasmuch as it would not, and could not have been compelled to have so engaged, without an increase of remuneration, it follows that taking him with the valuable securities with which he was indued, it, in ignorance and unnotified thereof, owed him no duty as a general rule of its occupation to give to him and his property more than the usual care demandable from it by any passenger. In such case, in legal contemplation, the thing of value is not in the charge of the carrier as such, and he has made no contract and entered into no duty in regard to it. This is upon the assumption, for the purposes of the case, that, though as to the plaintiff it was a carrier of passengers only, it might be compelled to take the charge, for the journey, of articles not a part of a passenger's ordinary baggage and equipment, and yet of high value. It is at least doubtful whether, had the plaintiff given the defendant notice of his intention of carrying with him these securities of value, it could have been compelled to have undertaken the safe carriage and sure delivery of them, or that it was any part of its duty so to do. (*Sewall* v. *Allen*, 6 Wend. 335.)

The plaintiff seeks to base the right to recover of the defendant upon the ground that it was bound to protect

the passengers in its cars from open invasion, and forcible assault, injury and robbery. We do not need to deny this proposition here. We need not shrink nor stretch the rule laid down in *Putnam* v. *B'way & Seventh Ave. R. R. Co.* (55 N. Y., 108). A carrier of passengers is bound to exercise the utmost vigilance in maintaining order and guarding his passengers against violence. (*Id.*) But if he neglects to do so, for what is he liable? His liability arises upon contract, expressly made or implied from his duty; or from the duty of his employment, public in its nature. It is plain that the plaintiff and defendant here, made no express contract in relation to these securities. Whatever contract the sale and purchase of a passenger ticket expresses, it does not make a contract which was not in the mind of both the parties, or imputable to them by law. We have shown that the law does not impute a contract to carry for a passenger other goods than ordinary baggage; and as the defendant had no knowledge or notice of these securities, it could not have had intention to engage for the carriage and delivery of them. If the plaintiff is to recover, it must be *ex delicto*, upon the duty of defendant. A public carrier of goods is bound to vigilance, and may set up as an excuse for want of safe carriage and sure delivery, nothing but an exempting act of the shipper, an act of God, or of the public enemy. Yet if the shipper conceal from the carrier, or fail to notify him, that in a package of mean appearance is placed an article of great value, the ordinary negligence of the carrier may sustain a judgment for what a passenger usually carries, but will not warrant a recovery by the shipper of the worth of his property of great price. (*Miles* v. *Cattle*, 6 Bing., 743.) The carrier of goods, in the absence of express agreement, is liable, by reason of his negligence, for damages to such amount as would ordinarily be expected to result therefrom. So; though a carrier of passengers is bound to guard one going in his vehicle from violence, the damages he must pay, if he neglects his duty, are such as would ordinarily result there-

from, as would naturally be contemplated by the parties on making their contract, or assuming their relative rights and obligations.   Such a carrier is bound to take the passenger, and to carry together with him his luggage, reasonable in size and weight, and in kind and value of the articles filling it such as is naturally and usually required by a passenger, and reasonable for his personal use while on the way or at his place of destination.   Should that luggage be lost by the carrier, or misdelivered, or stolen from him, though it may contain large sums of money or articles of great value, or things not destined for personal use, the carrier is not however liable for them, but for so much of the contents as falls within the classification we have given above.   In the same way (though, we do not pass authoritatively upon it), should a passenger be assailed in the vehicle of the carrier in such circumstances as that it was a breach of the duty of the latter, that it failed to protect the former from violence, and should he be robbed of portions of his clothing, or usual and reasonable articles of personal ornament, his watch, or his purse with the money for his traveling and other personal expenses, it may be that the carrier would be liable for the loss which its passenger had sustained.   But if the passenger had seen fit privately to place and carry upon his person securities or articles of great value not falling within the above category, without the knowledge of or notice to the carrier, and in the melee they should be lost or stolen, the latter is not liable for them.   He has entered into no especial contract to carry and deliver them.   He owes no duty in regard to them, by reason of his public calling that is not fulfilled, so long as he is free from gross negligence and fraud.   The absence of notice to him of the purpose to carry them has prevented him from exacting a reasonable compensation for the carriage; and, what is more, from making provisions for safety in measure with the increase of the hazard incurred.   For the carriage of himself, his watch, his purse, and the like, the passenger does, perhaps, make contract with the carrier; or so does set in operation the

duty of the latter, when he buys his ticket or takes his passage; and does, it may be, legally demand of him a care and diligence up to the needs of the hazard, and render him liable for such damage as is in the contemplation of the contract or the scope of the duty. We have of late, at some length, considered some questions having an intimate relation with this, and refer to that case for some authorities. (*Magnin* v. *Dinsmore*, 62 N. Y., 35.)

The learned counsel for the appellant concedes and contends that the property stolen in this case, is not to be considered as baggage, or to be governed by the rules which have been laid down as to the loss of that and liability therefor. He puts the right to recover upon the duty of the carrier to protect the person of the passenger from violence. Is it logical to say that the defendant is not liable for the loss of these securities as baggage, or as goods, wares and merchandize; that is, that the presence of them in the car in the character of a valuable thing did not create a duty as to them, but that, by the fact of their being on the person of the plaintiff in the car, there arose from the duty to care for his person a duty to care for them? They were nothing else on his person than off of it. They did not become a part of his person, and thus evoke a duty to care for them as a part thereof. They were still property, extraordinarily in the vehicle of the defendants. Nor do we see how the fact, that the loss occurred through violence to the person of the plaintiff from other men, rather than from accident, makes a difference in the case. The defendants are bound to protect the plaintiff from the violence of a railway accident, as well as from the intentional violence of ruffians and rogues. Would it be claimed that if, in the occurrence of a railway accident, these securities had become lost from the person of the plaintiff in any of the many ways that may be imagined, with no other human intervention than was concerned in the accident itself, that the defendant would have been liable for the loss? Such a case has been adjudicated in the negative, after ingenious argument and well-

considered opinion. (20 Ohio St., *supra*.)  To hold other-
wise, would be to extend the liability of the carrier to a new
matter, by reason of the human violence and the injury
therefrom; making the character alone of the act create a
new duty.  The carrier of passengers is liable for harm to
their persons from the violence of intruders, when he has
been negligent in his duty to protect from it.  He is liable
for harm to their property, when he has been negligent in his
care of it, if confided to his care, either in fact or in law.
His negligence is thus the ground of liability in both cases.
But the proposition contended for would make the negli-
gence, by which violence comes to the person and property
of the passenger from other human beings, far more exten-
sive in its consequences than the negligence by which
violence comes to the person and property, or to the
property alone, from inanimate things.  We see no reason
for this.

We have confined our consideration to the ground taken by
counsel, with such illustrations and arguments drawn from kin-
dred topics as seemed profitably to bear upon the subject.  We
have not thought it well to rely upon a rule laid down in
*Tower* v. *U. & S. R. R. Co.* (7 Hill, 47) ; although there the
article lost was a part of a passenger's clothing, and was taken
by him into the car of the defendant and kept in his own
custody ; for the reason that there was in that case no ele-
ment of violence to the passenger and loss of property thereby,
and because the case is also put upon the negligence of the
passenger in the care of his property, which we cannot assume
in this case.

There are some cases cited by counsel, in which the learned
judges in their opinions have used phrases to the effect that
the carrier is liable for *all the injury*, or for *any injury* sus-
tained.  (*Fitch* v. *Norw. Tr. Co.*, 6 Blatch., 158; 55 N. Y.,
108, *supra*.)  In those cases the cause of action was solely
for injury to the person, and the remarks were appropriate.
They are not to be applied to a case of this kind.  Like
"every other proposition laid down by a judge, they ought

to be understood with particular reference to the facts of the case then before the court." (*Per* Ld. ELLENBOROUGH, C. J., *Hunter* v. *Prinsep*, 10 East, 392.) It is intimated on the points of the learned counsel for the appellant, that the jury might have found that the plaintiff carried a bond with which to raise the money for his journey. If it is meant that such a consideration as this would require the submission of the case to the jury; it suffices to say that there is no such hint in the testimony upon the trial, and it would not have been right for the court to have submitted such a question to the jury.

From our consideration of the case, it is our judgment that the valuable securities carried by the plaintiff were not a part of the property, which he could in his ordinary relation of passenger of the defendant bear about his person at its risk, and under its duty as a carrier to protect him and his necessary, convenient and ornamental, reasonable, personal chattels and money; that for that reason the value of them does not properly enter into an estimate of the damages with which it should be charged, on a recovery by him against it for not protecting him from violence while he was rightfully on its car, it being assumed to be guilty of negligence therein, and he being taken as free from contributory negligence. It was error, then, under the circumstances of this case, to submit any question to the jury. The complaint should have been dismissed. We think that the question we have determined was fairly presented by the motion to dismiss the complaint, on the ground that this "injury and grievance is too remote to charge the defendant with damages," and that, "under all the circumstances of the case, the plaintiff has no legal ground for a recovery" against it.

The order for a new trial must be affirmed, and judgment absolute given for the defendant on the stipulation.

All concur, except CHURCH, Ch. J., absent, and ALLEN, J., not sitting.

Order affirmed and judgment accordingly.