with $50 costs and disbursements, on the opinion in People ex rel. Connelly v. Reis (decided at this term) 96 N. Y. Supp. 597.

HOUGHTON, J., not voting, not being a member of this court at the time this decision is handed down.

(109 App. Div. 709)

### KNIERIEM v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, First Department.   December 15, 1905.)

1. APPEAL—MODE OF REVIEW.
   Where, in an action against a carrier for loss of a passenger's property, defendant, for the purpose of moving to dismiss the complaint after the jury was sworn, admitted the loss and its negligence, an appeal from an order granting such motion would be treated as if defendant had demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action.

2. CARRIERS—PASSENGER'S EFFECTS—LOSS—CONTRACT—LIABILITY—NEGLIGENCE.
   A carrier is liable by contract, without proof of negligence, for the loss of the passenger's effects and money reasonably necessary for the journey, carried in the passenger's trunk, where the loss occurred while the property was in the carrier's custody for transportation.
   [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, §§ 1519, 1522.]

3. SAME—MONEY NOT INTRUSTED TO CARRIER.
   A carrier is not liable for the loss of money carried by a passenger on his person during the performance of the carrier's contract of carriage, unless the loss is shown to have been the result of the carrier's negligence.
   [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1529.]

4. SAME—HUSBAND AND WIFE—WIFE'S POSSESSION.
   Where plaintiff and his wife were passengers on defendant's train at the time an accident occurred causing the loss of certain money belonging to plaintiff then in the custody of his wife, who was sitting in the same seat with plaintiff, it was immaterial to defendant's liability that the money was in the wife's custody, instead of the custody of plaintiff.

5. SAME—QUESTIONS FOR JURY.
   Where plaintiff and his wife, while passengers on defendant's railroad train, sustained a loss of $1,180 in money, which was carried by the wife in a handbag, and a gold watch worn by plaintiff of the value of $50, as the result of the carrier's negligence, whether the watch was a necessary, convenient, and reasonable personal chattel for plaintiff to wear at the time, and whether the money or any part thereof was a reasonable and suitable amount for the contemplated journey, were questions for the jury.
   [Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Carriers, § 1571.]
   McLaughlin and Patterson, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Joseph A. Knieriem against the New York Central & Hudson River Railroad Company.   From a judgment dismissing the complaint at the trial, plaintiff appeals.   Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, CLARKE, and HOUGHTON, JJ.

F. Howard Collins, for appellant.
Charles C. Paulding, for respondent.

CLARKE, J.   Appeal from a judgment dismissing the complaint upon motion made immediately after the jury was sworn and before the taking of any evidence, upon the concession of counsel that, for the purposes of the motion, the loss of the property and the negligence of the defendant were admitted.   Upon this appeal, therefore, the case is to be treated as if defendant had demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.   The complaint alleges that the defendant was a common carrier of passengers, operating a steam railroad between Chatham and New York City, known as the "Harlem Division"; that on August 11, 1902, the plaintiff and his wife were passengers on a train running from Amenia to New York City, and had paid their fare; that about three miles north of Pawling the defendant so negligently operated the train "that said track broke or shifted and gave way, throwing said train from its track, and a car of same in which plaintiff and his wife were riding was turned over, * * * without negligence or fault on their part; * * * that solely by reason of defendant's, its agents', servants', trackmen's and employés' negligence and fault aforesaid, the sum of $1,180 in lawful money of the United States, and also a gold watch of the value of $50, all of which belonged solely to plaintiff, and which were in the handbag of his wife, who occupied the same seat in the said car of said train, were entirely lost or destroyed"—and demanded judgment for $1,230.

The contract of the carrier is to safely carry the passenger.   This includes the carriage of such effects as are reasonably necessary for the journey.   Money necessary for the payment of the expense of a journey undertaken, which is carried in the trunk of a passenger, is part of his baggage, and, if lost while in the custody of a carrier for transportation, it is liable.   Carpenter v. N. Y., N. H. & H. R. R. Co., 124 N. Y. 53, 26 N. E. 277, 11 L. R. A. 759, 21 Am. St. Rep. 644, citing Merrill v. Grinnell, 30 N. Y. 594; Fairfax v. N. Y. C. & H. R. R. R. Co., 73 N. Y. 167, 29 Am. Rep. 119.   In the latter case there is a definition of the phrase "money necessary for the journey"— that it should be a proper, reasonable, and necessary amount for the plaintiff to carry with him for his journey, taking into consideration his position and circumstances, the length and character of his journey, and the contingencies and accidents that might naturally arise, and the fact that he was in a foreign country.   In the Carpenter Case it was said:

"But carriers do not undertake to carry and safely deliver the effects of travelers not delivered into their custody, and it cannot be held that money in a passenger's clothing worn during the day, and placed under his pillow at night, is in the custody of the corporation which carries and furnishes travelers with berths in sleeping coaches. * * * The mere proof of the loss of money by a passenger while occupying a berth, does not make out a prima facie case, and to sustain a recovery some evidence of negligence on the part of the defendant must be given."

The court thereupon reviewed the evidence,—there having been a dismissal upon the trial, and holding that there was sufficient evidence to require the question whether the loss was caused by the defendant's negligence to be submitted to the jury affirmed the order reversing the judgment of dismissal and directed judgment absolute against

the railroad company. That case seems to me to be decisive upon this appeal that it was error to dismiss the complaint; it being conceded as a fact that the loss was caused by defendant's negligence. I think the rule is thus to be stated: The carrier is not prima facie liable for loss, except as to such articles as are intrusted to its care by being placed in its custody and hence under its control. As to articles retained by the passenger and carried by him in the same car in which he is transported, the burden is upon him to show that the loss was occasioned by the carrier's negligence. The Cyclopedia of Law and Procedure, vol. 6, p. 661, states:

"Even without delivery of the goods into the exclusive possession of the carrier, there is a duty to furnish reasonable protection to the passenger against loss or injury of such property, such as the clothing which he wears, the valise and personal belongings contained therein, and the like."

In 3 Am. & Ency. of Law, 549, it is stated:

"The better rule is believed to be that, unless the carrier is intrusted with full possession of the baggage, it is not liable for loss unless negligence is affirmatively shown."

And again:

: "Money carried by the passenger on his person is within the general rule stated. The carrier cannot be held liable for the loss of it, regardless of its amount, unless the loss is shown to have been the result of the carrier's want of care."

In Adams v. New Jersey Steamboat Co., 151 N. Y., at page 169, 45 N. E., at page 370, 34 L. R. A. 682, 56 Am. St. Rep. 616, Judge O'Brien, speaking for a unanimous court, in a case holding a steamboat company liable as an innkeeper, had this to say in regard to railroads:

"The carrier by railroad does not undertake to insure the personal effects of the passenger which are carried on his person against depredation by thieves. It is bound, no doubt, to use due care to protect the passenger in this respect. * * * It is only upon the ground of negligence that the railroad company can be held liable to the passenger for money stolen from his person during the journey. The ground of responsibility is the same as to all passengers, whether they use sleeping berths or not, though the degree of care may be different. Some proof must be given that the carrier failed to perform the duty of protection to the passenger that is implied in the contract before the question of responsibility can arise whether the passenger be in one of the sleeping berths or in a seat in the ordinary car."

In the case at bar the negligence is admitted. It would seem, therefore, that the point that these articles were not intrusted to the railroad company has no force. It does not affect the case that the articles were in the custody of the wife. She was also a passenger, riding with the husband in the same seat. Her custody was his. The question of contributory negligence is not before us. The complaint alleged freedom from contributory negligence, and that the loss was solely due to the negligence of the defendant. Both propositions stand admitted as the case is presented.

The remaining question is whether for the particular articles sued for in this case the defendant is liable. It seems to be settled that as the passenger has merely paid for his transportation, and has not paid extra compensation for "express" of packages of great value, and as such valuables are not within the contemplation of the parties when the

ticket was sold, there can be no recovery for their loss, even though the
carrier be negligent.     Said Judge Folger in Weeks v. N. Y., N. H. &
H. R. R. Co., 72 N. Y. 60, 29 Am. Rep. 104:

"Should the passenger be robbed of portions of his clothing, or usual and
reasonable articles of personal ornament, his watch, or his purse with the
money for his traveling and other personal expenses, it may be that the car-
rier would be liable for the loss which its passenger had sustained. * * *
For the carriage of himself, his watch, his purse, and the like, the passenger
does, perhaps, make contract with the carrier, or so does set in operation the
duty of the latter, when he buys his ticket or takes his passage, and does, it
may be, legally demand of him a care and diligence up to the needs of the
hazard, and render him liable for such damage as is in the contemplation of
the contract or the scope of the duty. * * * The defendants are bound to
protect the plaintiff from the violence of a railway accident, as well as from
the intentional violence of ruffians and rogues."

The court put its decision in that case upon this precise ground:

"The valuable securities carried by the plaintiff were not a part of the prop-
erty which he could in his ordinary relation of passenger of the defendant
bear about his person at its risk and under its duty as a carrier to protect
him and his necessary, convenient, and ornamental, reasonable personal chat-
tels and money; that for that reason the value of them does not properly enter
into an estimate of the damages with which it should be charged on a recovery
by him against it for not protecting him from violence while he was rightfully
on its car, it being assumed to be guilty of negligence therein, and he being
taken as free from contributory negligence."

It would seem, therefore, that as to the watch in the present case there
can be no doubt that it was within the contemplation of the parties, and
the value could be recovered upon establishing negligence on the part of
the defendant and freedom therefrom on the part of the plaintiff.     As
to the money, it would come down to a question of fact, to be deter-
mined by the jury whether it, or any part thereof, was a necessary sum
for the journey "a sum that will embrace all the contemplated journey,
including an allowance for accident or illness or of sojourning by the
way as a reasonably prudent person would consider necessary to make."
Merrill v. Grinnell, 30 N. Y. 610.

Considering the cases cited by the respondent, the First National
Bank of Greenfield v. M. & C. R. R. Co. (20 Ohio St. 259, 5 Am. Rep.
655) was the case of a bank messenger carrying for the bank $4,000 of
its money; and the court held that defendant was not liable for the loss
of money kept in the sole custody of the passenger, and which he carried
for purposes not connected with the expenses of the journey.     That
case is in exact line with the decision of our Court of Appeals in the
Weeks Case, and was cited by Judge Folger in his opinion, and so does
not touch the question as to money necessary for the journey.     In Hillis
v. C. R. I. & P. Ry. Co. (72 Iowa, 228, 33 N. W. 643), while apparently
in point as to the facts, there was no discussion of the question as to
money necessary for the journey, and so the case falls within the rule
as to transportation of goods of value without disclosure, and is not
in conflict with the views expressed.     Cohen v. Frost (2 Duer 335)
has been disapproved by a long line of New York cases.     Crozier
v. Boston, N. Y. & Newport Steamboat Co., 43 How. Prac. 466; Mack-
lin v. New Jersey Steamboat Co., 7 Abb. Prac. (N. S.) 229; Adams
v. N. J. Steamboat Co., 151 N. Y. 163, 45 N. E. 369, 34 L. R. A. 682,
56 Am. St. Rep. 616.

The dismissal of the complaint was error. The evidence should have been taken, and the questions thereon arising would have been the negligence of the defendant, the freedom from contributory negligence of the plaintiff, and whether or no the watch was a "necessary, convenient, ornamental, and reasonable personal chattel," and whether the money or any part thereof came within the definition of a reasonable and suitable amount for the journey contemplated.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

O'BRIEN, P. J., and HOUGHTON, J., concur. PATTERSON, J., dissents.

McLAUGHLIN, J. (dissenting). I am unable to concur in the opinion of Mr. Justice CLARKE. The rule of law which he invokes has, as it seems to me, no application. The complaint was dismissed at the opening of the trial, and to determine whether error were committed in making this disposition of it the ruling must be considered in precisely the same way it would have to be if the complaint had been dismissed at the close of the trial; plaintiff having established by proof every fact alleged.

The obligation assumed by the defendant when it accepted the plaintiff as a passenger was to safely carry him to his destination, including the wearing apparel which he had on, and, if upon his person, such articles as are usually worn for ornament or convenience, and money sufficient to defray the necessary expenses during his journey. Here the property which was lost consisted of $1,180 in cash and a gold watch which were carried, not by the plaintiff, but by his wife, who, for that purpose, must be deemed to be his agent. The money and watch were not carried by the wife upon her person, but in a handbag. The defendant had no knowledge of the contents of the bag. It never had possession of it, and at the time of its loss the possession had been intrusted by plaintiff to another. The specific allegations of the complaint, so far as the same relate to defendant's negligence and the loss, are as follows:

"Third. That on the 11th day of August, 1902, about 10 o'clock in the morning thereof, the plaintiff and his wife were passengers on the train of defendant, running from Amenia to New York City, and had paid their fares as such passengers between such points.

"Fourth. That while on the said train as such passengers when about three miles north of Pawling, N. Y., the defendant * * * so carelessly and negligently operated the said train * * * and * * * so negligently * * * constructed, inspected, and maintained its railroad track at said place * * * that said track broke or shifted and gave way, throwing said train from its track, and a car of same in which plaintiff and his wife were riding was turned over, * * * without negligence or fault on their part. * * *

"Fifth. That solely by reason of defendants', its agents', servants', trackmen's and employés' negligence and fault aforesaid, the sum of one thousand one hundred and eighty and 00/100 dollars ($1,180) in lawful money of the United States, and also a gold watch of the value of fifty and 00/100 dollars ($50), all of which belonged solely to plaintiff, and which were in the hand bag of his wife, who occupied the same seat in the said car of said train, were entirely lost or destroyed."

It will be noticed there is no allegation in the complaint that the money lost was being carried to defray the expenses of the journey of the plaintiff or his wife, or that it was necessary for that purpose, and the fact that the watch was carried in a bag would seem to negative the idea that the plaintiff considered it either an article of orna-ment or convenience. But it is suggested in the prevailing opinion that it was for the jury to say whether the watch was a " 'necessary, convenient, ornamental, and reasonable personal chattel,' and whether the money or any part thereof came within the definition of a reasonable and suitable amount for the journey contemplated." It cannot be that the jury could pass upon these questions without some proof, and, if the plaintiff could offer proof bearing on those subjects, in the absence of allegations in the complaint to that effect, then the complaint serves little or no purpose, except to ensnare and entrap the defendant as to the issues to be tried.

If it be true that the question of whether or not the complaint was properly dismissed must be determined in precisely the same way it would have to be had the dismissal taken place at the close of the trial, plaintiff having established only the facts alleged in the complaint, then to submit the questions referred to to the jury is to permit them to find a verdict not based on evidence.

The authorities cited in the prevailing opinion as sustaining the conclusion there reached are not in point. Merrill v. Grinnell, 30 N. Y. 594, and Fairfax v. N. Y. C. & H. R. R. Co., 73 N. Y. 167, 29 Am. Rep. 119, were to recover for the loss of baggage which had been delivered to the defendants. Carpenter v. N. Y., N. H. & H. R. R. Co., 124 N. Y. 53, 26 N. E. 277, 11 L. R. A. 759, 21 Am. St. Rep. 644, was to recover for money lost by plaintiff while occupying a berth in a sleeping car, and for which he had paid a certain sum in addition to his regular transportation. Adams v. New Jersey Steamboat Co., 151 N. Y. 163, 45 N. E. 369, 34 L. R. A. 682, 56 Am. St. Rep. 616, was to recover for money lost by plaintiff while occupying a stateroom on defendant's boat and for which extra compensation had been paid. Weeks v. N. Y., N. H. & H. R. R. Co., 72 N. Y. 50, 28 Am. Rep. 104, however, is on principle in point. There action was brought to recover the value of certain bonds taken from the plaintiff while a passenger on defendant's road, and it was held that the plaintiff, in the absence of proof of gross negligence or fraud, could not recover, even though defendant were negligent in the exercise of its duty of protecting the plaintiff as a passenger from violence, and in delivering the opinion the court took occasion to define the obligation which a carrier assumes towards a passenger with respect to personal effects. It is said, Judge Folger writing the opinion, that:

"Such a carrier is bound to take the passenger and to carry together with him his luggage, reasonable in size and weight, and in kind and value of the articles filling it, such as is naturally and usually required by a passenger and reasonable for his personal use while on the way or at his place of destination. Should that luggage be lost by the carrier or misdelivered or stolen from him, though it may contain large sums of money or articles of great value, or things not destined for personal use, the carrier is not, however, liable for them, but for so much of the contents as falls within the classification we have given above. In the same way, though we do not pass authoritatively upon it, should

a passenger be assailed in the vehicle of the carrier, and in such circumstances as that it was a breach of the duty of the latter that it failed to protect the former from violence, and should he be robbed of portions of his clothing or usual and reasonable articles of personal ornament, his watch or his purse, with the money for his traveling and other personal expenses, it may be that the carrier would be liable for the loss which its passenger had sustained. But if the passenger had seen fit privately to place and carry upon his person securities or articles of great value, not falling within the above category, without the knowledge of or notice to the carrier, and in the mêlée they should be lost or stolen, the latter is not liable for them. He has entered into no especial contract to carry and deliver them."

Another case in point is First National Bank of Greenfield v. M. & C. R. R. Co., 20 Ohio St. 259, 5 Am. Rep. 655. There the plaintiff intrusted to a messenger, who was a passenger on one of defendant's cars, a package of money. The car in which the messenger was riding, while crossing a bridge, was thrown into a river, by reason of defendant's negligence in maintaining the bridge. The car took fire and the money was burned. It was held that defendant was not liable. So, also, is Hillis v. C. R. I. & P. Ry. Co., 72 Iowa, 228, 33 N. W. 643. There plaintiff was a passenger in one of defendant's cars. He had $500 in money in an envelope in his overcoat pocket. The overcoat he gave to a porter, who hung it in plaintiff's berth. The car was subsequently derailed by reason of defendant's negligence, and the money lost. It was held defendant was not liable; there being no proof that the money was necessary to defray plaintiff's traveling expenses.

The liability, in the present case, if any exists, depends, of course, upon the contract between the parties. That contract, as we have already seen, did not contemplate the transportation of anything more than ordinary wearing apparel, articles usually worn by a person for ornament or convenience, and money necessary to defray the expenses of the journey. There are no allegations in the complaint which bring either the money or watch within this rule, and the fact that the plaintiff did not have possession of either, but had intrusted them to another, would seem to be proof that they were not designed for either purpose. The plaintiff certainly could not have made proof that they were, without amending his complaint, and no request to amend was made.

It seems to me, therefore, that the complaint was properly dismissed, and the judgment appealed from should be affirmed.