REPP v. THE INDIANAPOLIS, COLUMBUS AND SOUTH-
ERN TRACTION COMPANY.

[No. 23,021. Filed February 23, 1916. Rehearing denied April 27,
1916.]

1. APPEAL.—*Briefs.*—*Sufficiency.*—Where the question presented
arose out of the sustaining of a demurrer for want of facts to each
paragraph of complaint, and appellant's brief set out the sub-
stance of each paragraph of complaint, and of the demurrer and
memorandum, so as to indicate clearly the only question presented
on the merits of the appeal, the brief was sufficient, even though it
did not technically comply with the rules. pp. 672, 673.

2. APPEAL.—*Briefs.*—*Rules of Court.*—*Good Faith Compliance.*—
Rules of court relating to the preparation of briefs are intended to
so guide the preparation of briefs as to enable the several members
of the court to understand readily the questions presented without
resort to the record, and a good faith effort to comply with such
rules, sufficient to serve their purpose, will entitle the party to a
consideration of the questions presented. p. 672.

3. CARRIERS.—*Carriage of Passengers.*—*Contract.*—*Duty to Trans-
port Personal Effects and Money of Passenger.*—A carrier's contract
to transport a passenger carries with it the duty of transporting a
reasonable amount of personal effects and hand luggage, such as is
usually taken by travelers for their personal use, including a rea-
sonable amount of money for traveling and incidental expenses,
and articles of personal convenience, pleasure and comfort as are
reasonably suitable to the passenger's station in life, the journey
he is making and possible accidents, sickness and sojourning on the
way, for which a reasonably prudent man under the circum-
stances would provide. p. 675.

4. CARRIERS.—*Carriage of Passengers.*—*Transportation of Passen-
ger's Personal Effects and Money.*—*Duty of Carrier.*—Where the
personal effects and money belonging to a passenger are delivered
into the custody of the carrier for transportation it becomes liable
therefor as an insurer, and its duty with reference to personal ef-
fects retained in the passenger's possession and control is to exer-
cise reasonable care to protect the same from loss or injury; but the
rule of liability in the latter instance does not extend to large sums
of money or property of exceptional value retained by the passen-
ger without the knowledge of the carrier, nor to a loss resulting
from the passenger's own negligence. p. 676.

5. CARRIERS.—*Carriage of Passengers.*—*Robbery of Passenger.*—
*Liability.*—*Jury Question.*—Where the complaint against a car-
rier by a passenger who was robbed of a large sum of money, al-
leged that plaintiff was robbed in full view of defendant's conduc-
tor and under circumstances which would have enabled him to have

interfered and prevented the loss, his failure to do so was a failure to use ordinary care which would render the defendant liable for the loss of so much of plaintiff's money as was included within the contract of carriage; the amount being for the determination of the jury under proper instruction. p. 677.

From Bartholomew Circuit Court; *Hugh Wickens*, Judge.

Action by Benjamin F. Repp against The Indianapolis, Columbus and Southern Traction Company. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1394 Burns 1914, Acts 1901 p. 565.) *Reversed.*

*J. F. Cox*, for appellant.

*Charles S. Baker* and *Frank N. Richman*, for appellee.

SPENCER, J.—The only questions presented by this appeal arise out of the action of the trial court in sustaining a demurrer for want of facts to each paragraph of appellant's amended complaint.

1. Before discussing the merits of the cause appellee seeks to invoke the rule that where the appellant's brief fails to set out in full the demurrer to a complaint, or to state its substance, no question will be considered which arises out of the ruling on such demurrer; also that such brief must state separately numbered propositions or points in support of each assignment of error relied on for a reversal. Conceding that the above rules

2. may be invoked in a proper instance, it must also be borne in mind that their purpose is to so guide the preparation of briefs which are presented to this and the Appellate Court as to enable the several members of either tribunal readily to understand the questions which are presented for decision without resort to the record in the case then under consideration. Where a good-faith effort to com-

ply with such rules appears to have been made, and their purpose has been served, the questions so presented will be considered and determined. *Howard v. Adkins* (1906), 167 Ind. 184, 186, 78 N. E. 665; *Berkey* v. *Rensberger* (1912), 49 Ind. App. 226, 228, 96 N. E. 32. In the case at bar appellant's brief sets out the substance of each paragraph of the complaint and shows that the ground of the separate and several demurrer addressed thereto was the insufficiency of the facts alleged in either paragraph to state a cause of action against appellee. The substance of the memorandum accompanying said demurrer is also set out in appellant's brief and indicates clearly that the only question presented on the merits of the appeal is, Does either paragraph of the amended complaint state facts sufficient to constitute a cause of action? As it is thus apparent that each assignment of error presents substantially the same question and as that question is so clearly presented by appellant's brief as not to require a resort to the record for its proper consideration, the omissions complained of may be regarded as technical inaccuracies which do not prevent an acceptance of that brief as in good-faith compliance with the rules.

Coming to a consideration of this cause on its merits, it appears from the first paragraph of appellant's amended complaint, omitting the formal parts thereof and those allegations which properly show the relation of passenger and carrier between the parties, that as appellant was preparing to leave one of appellee's interurban cars at a regular stop in the city of Columbus, and while he was still a passenger on said car, a man, whose name is unknown, forcibly, wrongfully and unlawfully assaulted appellant in the presence of appellee's con-

ductor in charge of said car, and without appellant's consent thrust his hand into appellant's pocket and held appellant and took from him a pocketbook of the value of fifty cents and containing the sum of $290 in money, all the property of appellant; that the assault and robbery occurred in the presence and view of appellee's conductor, and appellant called to him for assistance and protection, but he "wrongfully and negligently refused to in any manner assist or attempt to protect plaintiff;   *   *   * that it was the duty of defendant's said conductor to come to his assistance and protection, and that said conductor could have protected plaintiff and with reasonable care could have prevented said assault and robbery; that said conductor possessed police power under the laws of Indiana, and, as such conductor, it became and was his duty to protect plaintiff. Plaintiff avers that said conductor of said defendant's said passenger car negligently stood by and negligently failed to aid or in any manner protect plaintiff from said assault and robbery;   *   *   * that he (appellant) was an old man 78 years of age, weak and in feeble health, and he was not able, alone and without help and assistance, to protect himself from said assault and robbery, all of which said conductor well knew; that said conductor was young, strong and athletic, and could have, with proper care or attention to plaintiff, prevented said injury to plaintiff, and could have protected plaintiff from any and all injury and harm to plaintiff by said unknown man." The pleading also alleges generally that appellant's loss was occasioned wholly through the negligence of appellee's conductor as aforesaid and without fault or negligence on the part of appellee.

The allegations of the second paragraph are similar to those contained in the first, with the additional charge that there were other strong men on

Repp *v.* Indianapolis, etc., Traction Co.—184 Ind. 671.

the interurban car who could have assisted appellee's conductor in protecting appellant from injury. and loss, and who would have done so if requested by said conductor, but that he made no such request and wholly failed to assist appellant, although the robbery occurred in his plain view and when it was in his power to prevent the same.

The nature of the question presented for our determination will best appear from the statement in substance, of the respective positions taken by appellant and appellee. The former contends. that the allegations of his complaint, the truth of which is admitted by the demurrer, serve to show a violation of the duty owing from appellee to carry appellant, as its passenger, safely to his destination and to protect him from the assaults of fellow passengers or strangers during the journey; that by reason of such violation he is entitled to recover damages for injuries to his person and for the loss of his property. To meet this contention appellee insists that as the allegations of appellant's complaint show no actual injury to his person and as the money carried by appellant was not covered by the contract of carriage, his recovery is limited to nominal damages alone, even if it be admitted that appellee's conductor was negligent in the exercise of his duty to protect appellant from the violence of others; that an appellate court will not reverse a case merely to enable a party to recover nominal damages.

It must be borne in mind that the contract on the part of a carrier to transport a passenger carries with it the duty of transporting a reasonable
3.    amount of personal effects and hand luggage, such as is usually taken by travelers for their personal use. This duty extends to and includes a reasonable amount of money for traveling and other incidental expenses, jewelry, watches, clothing and

such other articles of personal convenience, pleasure and comfort as are reasonably suitable to the passenger's station in life, the journey he is taking, and possible accidents, sickness, and sojourning on the way, for which a reasonably prudent man, under the circumstances, would provide. Where such property is delivered into the custody of the carrier for transportation it becomes liable therefor as an insurer, but, as stated in 6 Cyc 661, "The

4. carrier's duty with reference to personal effects retained in the passenger's possession and control is to exercise reasonable care to protect such effects from loss or injury. Within this rule carriers have been held not to be insurers but liable for loss or injury to effects of passengers kept within their possession and control, and resulting from negligence, that is, failure on the part of the carrier or his servants to use reasonable care in the protection of the property. But the rule of liability in such cases does not extend to large sums of money or other property of exceptional value retained by the passenger in his control, without the knowledge of the carrier, nor does it enable the passenger to recover for personal effects lost while retained in his control, if the loss is due to his own negligence." The exception above noted which denies a recovery for the loss of large sums of money or of property of exceptional value is based on the fact that, under the ordinary contract of carriage, a carrier of passengers assumes no contractual obligations as to articles of property which form no part of a passenger's ordinary baggage or personal equipment. Applying this exception, the New York Court of Appeals held, in the case of *Weeks* v. *New York, etc., R. Co.* (1878), 72 N. Y. 50, 28 Am. Rep. 104, that where a passenger carries such articles on his person, without notice to, or knowledge of, the carrier, and they

are violently taken from him by robbers, the carrier is not liable therefor, in the absence of gross negligence or fraud, even though negligent in the exercise of its duty to protect the passenger from violence. The above case is well considered and the opinion states sound reasons for denying in the case at bar appellant's contention that a recovery in full for his loss of property may be predicated on the failure of appellee's conductor to protect him from personal violence. The complaint before us, however, clearly shows a breach of appellee's duty to use ordinary care to protect appellant's effects from loss or injury. It is there charged that the robbery of appellant occurred in the full view of appellee's conductor and under circumstances which would have enabled him to have interfered and prevented the loss of appellant's money. His failure so to do was beyond doubt a failure to exercise ordinary care to protect appellant's personal effects and, under the rules above referred to, the charge contained in appellant's complaint, if sustained by proof, is sufficient to warrant a recovery for the loss of so much of his money as was included within the contract of carriage. This amount must be determined by the jury under proper instructions. *Knieriem* v. *New York, etc., R. Co.* (1905), 109 App. Div. 709, 713, 96 N. Y. Supp. 602; *Galveston, etc., R. Co.* v. *Fales* (1903), 33 Tex. Civ. App. 457, 459, 77 S. W. 234. For the reasons above stated we hold that each paragraph of appellant's complaint states facts sufficient to constitute a cause of action against appellee, and that the trial court erred in sustaining a demurrer thereto.

Judgment reversed, with instructions to overrule said demurrer and for further proceedings not inconsistent herewith

NOTE.—Reported in 111 N. E. 614. See under (1) 3 C. J. 1416,
2 Cyc 1016; (2) 3 C. J. 1416, 2 Cyc Anno 1013; (3) 6 Cyc 661; (4)
6 Cyc 661, 662.