[No. 9683.   Department One.   November 11, 1911.]

UMNA HALM, *by his Guardian etc., Respondent,* v.
JOHN MADISON *et al., Appellants.*[1]

ANIMALS—DOGS—VICIOUSNESS — EVIDENCE — SUFFICIENCY — JOINT
OWNERSHIP — KNOWLEDGE — HUSBAND AND WIFE — NOTICE TO WIFE.
There is sufficient evidence of the vicious propensities of a dog and
notice thereof to sustain a verdict against a husband and wife, as
a community, for personal injuries inflicted upon a child, where it
appears that it bit the child, that it had previously bitten two
other children, and was cross when teased, and the wife had been
warned as to its vicious propensities and told of its biting another
child; notice to one joint owner being notice to all the owners
(GOSE, J., dissenting in part).

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered March 4, 1911, upon find-
ings in favor of the plaintiff, after a trial on the merits be-
fore the court without a jury, in an action for personal
injuries received from the bite of a dog.   Affirmed.

*W. H. Abel,* for appellants.

*J. C. Cross (A. Emerson Cross,* of counsel), for respondent.

FULLERTON, J.—The respondent, a minor, brought this
action against the appellants to recover for injuries re-
ceived from the bite of a dog, owned and kept by the appel-
lants.   He recovered in the court below, on a trial had be-
fore the court sitting without a jury, and this appeal fol-
lowed.

The only error assigned is that the findings and judgment
of the court are contrary to the weight of the evidence.   It
is contended that the evidence did not justify the findings
of the court to the effect that the dog was vicious, and that
the defendants knew of its vicious propensities.   But as we
read the record, the evidence clearly supports these findings.
It is not questioned that the dog bit the respondent, and

[1]Reported in 118 Pac. 755.

there was evidence tending to show that it had bitten another child shortly before that time, and had bitten a boy who came to one of the neighboring houses to deliver meat, and the appellants' daughter testified that he was cross when teased. As to the appellants' knowledge, it was shown that one of the appellants had been warned of the dog's vicious propensities, and had been told of its biting another child. It may be that she did not believe the statements; in fact, she testified that the dog was at another place when it was claimed it had bitten the first child, but this does not alter the legal aspects of the case. The notice was sufficient to put her upon inquiry, and notice to one joint owner is notice to all of the owners.

We think the evidence sustains the judgment, and it will therefore stand affirmed.

DUNBAR, C. J., MOUNT, and PARKER, JJ. concur.

GOSE, J. (dissenting)—The husband and wife have not heretofore been regarded as joint owners of the community property in this state. I do not think that community property is held by such a tenure, nor do I think that the knowledge of the wife of the vicious propensities of a domestic animal can be imputed to the husband. She is in no sense his servant or agent. He is the manager and has the untrammeled right of disposal of the community personal property. I therefore think that the judgment against the husband was erroneous, and that it should be reversed as to him.