PINKUS v. THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY ET AL.

[No. 9,090. Filed November 9, 1916. Rehearing denied April 20, 1917. Transfer denied June 20, 1917.]

1. APPEAL.—Briefs.—Sufficiency.—Waiver of Error.—Where appellant's briefs set forth a mere abstract proposition of law which is not applied to a question sought to be raised, the question is waived. p. 41.

2. APPEAL.—Review.—Presumption.—A ruling of the trial court is presumed to be correct until the contrary is affirmatively shown. p. 41.

3. APPEAL.—Review.—Harmless Error.—Directing Verdict.—In a passenger's action against a railway company and a sleeping car company for the loss of jewelry through the negligence of the sleeping car company, error, if any, in directing a verdict in favor of the railway company was harmless to plaintiff where the jury by its verdict exonerated the sleeping car company from negligence, since the sleeping car company, the railroad's servant, being free from negligence, the master could not have been found negligent. p. 43.

4. CARRIERS.—Carriage of Passengers.—Passenger's Effects.—Conversion.—Sufficiency of Evidence.—Delivery to Carrier.—Where a passenger on a sleeping car did not part with the possession of a box containing jewelry, but merely placed it, with the knowledge of the carrier's servants, in an upper berth above the one occupied by herself, the carrier was not liable for conversion for loss of the jewelry. p. 44.

5. CARRIERS.—Carriage of Passengers.—Transportation of Passenger's Personal Effects.—Duty of Carrier.—Where a pas-

senger's ordinary personal effects are retained in his possession, the carrier is not an insurer of their safety, but is liable only for loss occasioned by failure to exercise reasonable care and caution to protect the same from loss or injury.  p. 46.

6.  CARRIERS.—*Carriage of Passengers.—Transportation of Passenger's Personal Effects and Money.—Duty of Carrier.*—When a passenger, without the knowledge of the carrier, has in his possession and control large sums of money or other property of exceptional value, the carrier is not liable for loss or injury thereto, as the carrier, under its contract of carriage, assumes no obligation as to articles of property which form no part of the passenger's ordinary luggage or personal effects.  p. 46.

7.  APPEAL.—*Review.—Harmless Error.—Argument of Counsel. —Reading from Document Not in Evidence.*—The fact that counsel in argument, over objection, read questions to and answers by the opposing party on cross-examination from an examination taken out of court before trial, and commented upon the same, was not prejudicial error, although the examination itself was not put in evidence, where the identical questions and answers referred to by counsel had gone into the record on cross-examination of the party at the trial. · p. 48.

8.  APPEAL.—*Review.—Harmless Error.—Limiting Argument of Counsel.*—In a passenger's action against a carrier to recover for the loss of personal effects, it was not prejudicial to plaintiff to refuse her counsel permission to discuss the law relative to the validity of a provision in a passenger's check issued by defendant that "property taken into car will be entirely at owner's risk," where counsel was informed that he could read the instructions of the court as the law of the case and apply it to the facts, such instructions, although not referring specifically to the check or its contents, having correctly stated defendant's liability for the loss of the passenger's effects. p. 48.  ·

From Marion Circuit Court (22,440) ; *Charles Remster,* Judge.

Action by Leah G. Pinkus against The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company and another.  From a judgment for defendant, the plaintiff appeals.  *Affirmed.*

*L. E. Ritchey,* for appellant.

MORAN, J.—On February 1, 1913, appellant and her husband took passage at Indianapolis on a Pullman car

sleeper reserved for Jacksonville, Florida, enroute to the Panama Canal. The car was owned and in charge of the servants of appellee The Pullman Company to be transported over appellee The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company's line of railroad. Upon reaching Louisville, Kentucky, in the course of her journey, appellant discovered that a small box and its contents, consisting of four rings and a lavaliere, all set with diamonds, which appellant carried with her as a part of her luggage, and of the probable value of $5,000, were missing. This action was instituted to recover the value thereof. The complaint as filed was in three paragraphs; the first was upon the theory that appellant purchased transportation and Pullman accommodations for a direct and continuous trip from Indianapolis, Indiana, to Jacksonville, Florida, in the Pullman car; and on account of the negligence of appellees, appellant and her husband were compelled to hastily leave the train and Pullman car at Louisville, Kentucky, and by reason of the negligence of appellees in not carrying appellant to her destination, as agreed, appellant was compelled under stress of haste and excitement to leave the car and prevented from removing her jewelry therefrom. The theory of the second paragraph is that the jewelry was removed and stolen from an upper berth in the car, where it was placed with the assistance and knowledge of the porter of the Pullman car, through the negligence of the servants in charge of the car in failing to keep the proper watch and to exercise due care of appellant's property. The third paragraph charges appellees with the conversion of the jewelry. An issue of fact was joined as to each paragraph of complaint by an answer of general denial being addressed thereto and, upon submission of the issues thus joined to a jury for trial, a verdict was returned for appellee The Pullman Company. From a judgment on

the verdict appellant seeks a review thereof, assigning as error the overruling of her motion for a new trial.

The court on its own motion, after the close of the argument of counsel, and by an instruction, withdrew from the consideration of the jury the first para-

1. graph of complaint, and directed a verdict in favor of appellee The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. Appellant in her brief under points and authorities seeks to question the action of the court in withdrawing from the consideration of the jury the first paragraph of complaint, in the following manner: "Where there is some evidence in support of one or more paragraphs of complaint, an instruction given to the jury as above is erroneous." This as an abstract proposition of law may well be conceded, but there is no attempt to apply it to the question sought to be raised, nor has our attention been directed to any evidence in support of the same. It is therefore waived. Further, it must be presumed that there was no evidence supporting the issue joined as

2. to the first paragraph of complaint, as the ruling of the trial court must be regarded as correct until it affirmatively appears to the contrary. Elliott, App. Proc. §710.

As to the giving of the instruction directing a verdict in favor of appellee The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company, appellant presents the same for our consideration under her motion for a new trial, having properly excepted to the giving thereof.

The complaint alleges that both appellees are separate corporations, and upon trial of the cause it was agreed by the parties that appellee The Pullman Company was the owner of the car upon which appellant took passage, and that the car was in charge of the employes of this company. It has been held upon good authority that: "A railroad company is not relieved from liability for

the loss of the baggage of a passenger upon its train by the fact that, at the time of loss, he occupied space in the sleeping car, which belonged to another company, if the car was in fact a part of the train, and was employed by it in performing its contract of transportation, for the agents and servants of the sleeping car company are regarded by the law as agents of the railroad company for the purposes of the contract for transportation, and the law will not permit a railroad company through any device or arrangement with the sleeping car company whose cars constitute a part of its train to escape the liability incurred by its contract." 5 R. C. L. 183; *Kinsley* v. *Lake Shore, etc., R. Co.* (1878), 125 Mass. 54, 28 Am. Rep. 200; *Nelson* v. *Railroad Co.* (1910), 98 Miss. 295, 53 South. 619, 31 L. R. A. (N. S.) 689; *Railroad Co.* v. *Katzenberger* (1886), 16 Lea (Tenn.) 380, 1 S. W. 44, 57 Am. Rep. 232; *Calder* v. *Southern Railway* (1911), 89 S. C. 287, 71 S. E. 841, Ann. Cas. 1913A 894.

In *Pennsylvania Co.* v. *Roy* (1880), 102 U. S. 451, 26 L. Ed. 141, in speaking of the relation that the conductor and porter of a Pullman car bore to the railroad company, Justice Holmes said: "Their negligence, or the negligence of either of them, as to any matter involving the safety or security of passengers, while being conveyed, is the negligence of the railroad company." And further, it is said in 5 R. C. L. 183: "In cases where an injury occurs in a sleeping car the railroad and the sleeping car company are held to be jointly and severally liable."

The evidence discloses that appellant throughout her journey from Indianapolis to Louisville was under the care of the servants of appellee The Pullman Company, and, so far as the duties to be performed within the car where appellant and her husband were being transported were concerned, the evidence does not disclose

that the servants of appellee railroad company proper had anything to do in this connection whatever. In *Pullman Co.* v. *Pollock* (1887), 69 Tex. 120, 5 S. W. 814, 5 Am. St. 31, which is cited with approval in *Voss* v. *Wagner Palace Car Co.* (1896), 16 Ind. App. 271, 279, 43 N. E. 20, 44 N. E. 1010, it was held that a sleeping car company was liable if it failed to exercise reasonable care in protecting the baggage of a passenger where the same was stolen, although the train to which the car was attached belonged to another company. See, also, *Pullman Co.* v. *Gavin* (1893), 93 Tenn. 53, 23 S. W. 70, 21 L. R. A. 298, 42 Am. St. 902.

Although the parties in charge of the sleeping car in the case before us be regarded as the servants of appellee railroad company, under the law 3. (*Dwinelle* v. *N. Y., etc., R. Co.* [1890], 120 N. Y. 117, 24 N. E. 319, 8 L. R. A. 224, 17 Am. St. 611; *Railroad* v. *Ray* [1898], 101 Tenn. 1, 46 S. W. 554), they would have to be guilty of the negligence charged in order to sustain a verdict under the second paragraph of complaint as against appellee railroad company. And the jury having exonerated The Pullman Company and its servants from negligence by its verdict, appellant was not harmed by the court directing a verdict in favor of appellee The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. That is, if The Pullman Company was the servant of the railroad company, and was free from negligence as found by the verdict of the jury, then the railroad company, if it be treated as the master, could not have been found guilty of negligence, had it remained as a party defendant throughout the entire proceedings, considering, of course, that the jury was properly instructed as to this issue, and no other error intervened, which hereafter will receive further consideration. In *New Orleans, etc., R. Co.* v. *Jopes* (1891), 142 U. S. 18, 12 Sup. Ct.

109, 35 L. Ed. 919, it was said: "It would seem on general principles that if the party who actually causes the injury is free from all civil and criminal liability therefor, his employer must also be entitled to a like immunity." In *Doremus* v. *Root* (1901), 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649, it was held that a verdict in favor of the conductor, who was sued jointly with the railroad company, would preclude a judgment against the railroad company, where the negligence charged grew out of the conduct of the conductor. To the same effect is *Indiana, etc., Torpedo Co.* v. *Lippincott Glass Co.* (1905), 165 Ind. 361, 75 N. E. 649.

As to the third paragraph of complaint, which charges appellee with conversion, appellant does not insist that this paragraph was sustained by the evidence, nor could she with any degree of plausibility so contend under the facts, for, giving the facts and the inferences to be drawn therefrom their most favorable construction in her behalf, no more is disclosed than that the porter of The Pullman Company had knowledge that the parcel containing the diamonds at the time she entered the car was placed in an upper berth by appellant just above the berth to be occupied by herself and husband. Appellant did not part with the actual possession of the parcel; it was not turned over to the servants of The Pullman Company. Hence we need consider further only the issue of negligence as joined upon the second paragraph of complaint.

This brings us to the merits of the instructions upon the question of liability under the issue of negligence, and which involves the corrections of many instructions given by the court on its own motion, as well as numerous instructions tendered by appellant and refused to be given by the court.

The jury was instructed that if appellant established

by a preponderance of the evidence the material allegations of either the second or third paragraphs of complaint, she would be entitled to recover against The Pullman Company. And that, as to the second paragraph, she would have to establish that her jewelry was taken or stolen as alleged; that The Pullman Company was guilty of negligence as charged, which negligence was the proximate cause of her loss; that she was not guilty of negligence that proximately contributed to such loss, which, the jury was informed, were questions of fact for it to determine; that negligence under the circumstances was the doing of some act or thing that an ordinarily prudent person would not have done, or the failing to do some act or thing that an ordinarily prudent person would have done under the circumstances; that reasonable or ordinary care was that degree of care that an ordinarily prudent person would or ought to have exercised under the same or similar circumstances; that the loss or disappearance of the jewelry from the car would not entitle appellant to recover, as The Pullman Company could not be held to have insured its safety if she retained the custody; that in order to render it liable, the loss must have occurred by its failure to exercise reasonable care to protect the same, and its failure to exercise such care would render it liable to appellant; that appellant was required to establish that she exercised reasonable care for the safety of her property; and that ordinary care and diligence was imposed upon The Pullman Company to protect appellant's jewelry from being taken or stolen, and if the failure to exercise reasonable care on the part of The Pullman Company was the proximate cause of appellant being deprived of her property, The Pullman Company would be liable.

The principal objection pressed by appellant to the instructions given, of which the above is a brief sum-

mary, is that a higher degree of care is imposed upon a carrier holding itself out to the public as furnishing sleeping-car accommodations than that embodied in the court's instructions; that the exercise of ordinary care under the facts and circumstances here presented was not sufficient.

This question has recently been considered in *Repp* v. *Indianapolis, etc., Traction Co.* (1915), 184 Ind. 671, 111 N. E. 614, and the rule of law there adduced from a review of the authorities is that the carrier's duty with reference to personal effects retained in the passenger's possession and control is to exercise reasonable care and caution to protect the same from loss or injury. That where the effects are kept within the possession of the passenger, the carrier is not the insurer of the safety of such effects, but is liable for loss or injury resulting from negligence, where the carrier or its servants fail to exercise reasonable care for the protection of the same. With the exception, however, that when the passenger, without the knowledge of the carrier, has in his possession and control large sums of money or other property of exceptional value, the liability of the carrier does not extend to the same. The basis for this exception is that under the ordinary contract of carriage, the carrier assumes no obligation by its contract as to articles of property, which form no part of the passenger's ordinary luggage or personal effects.

In *Voss* v. *Wagner Palace Car Co., supra,* it was said: "In the case of *Woodruff Sleeping and Parlor Coach Co.* v. *Diehl,* 84 Ind. 274, our Supreme Court very clearly defined the duties and liabilities of sleeping car companies toward occupants of berths upon their coaches. It was there held that such companies are not liable, either as innkeepers or common carriers, for the loss of goods or money, but that they are re-

sponsible for such losses when the same occurred through the negligence of the company or its servants." See, also, 2 Shearman and Redfield, Negligence (6th ed.) §526b.

As disclosed by the instructions of the court to the jury, the question of liability of appellee The Pullman Company, the degree of care exacted of it in reference to appellant's property, as well as the question of negligence on the part of appellee The Pullman Company, and contributory negligence on the part of appellant, were all submitted to the jury, and under instructions that appear to have clearly stated the law in harmony with the foregoing decisions, and many others that might be cited. And the language employed by the court in instructing the jury seems to have been as favorable to appellant as could have been employed, and under the instructions, which informed the jury that if appellant was deprived of her jewelry by reason of appellee The Pullman Company or its servants failing to exercise reasonable care therefor, a verdict was returned for such company. Therefore no harm resulted to appellant on account of a verdict being directed by the court in favor of the railroad company, although, no doubt, the trial court would not have directed a verdict in this behalf if it regarded The Pullman Company as the servant of the railroad company, as numerous well-considered authorities hold.

It is not necessary to a decision of this case that we pass upon the question as to whether the amount of personal effects in the way of jewelry carried by appellant might be regarded as of such extraordinary value as to bring the case within the exceptions heretofore announced.

Appellant, as a party, was examined out of court before the day of trial, as the statute provides, and upon the trial of the cause, and by way of impeachment, she

was asked if she did not make certain answers 7. to questions theretofore propounded to her in such examination, the questions and answers being read to her from such examination; and the record here discloses by her testimony that she made the answers as set forth in the examination referred to. Counsel in argument, over the objection of appellant, read such questions and answers that he propounded on cross-examination from the examination taken out of court, and commented upon the same. Appellant insists that in the absence of the examination itself being put in evidence, it was improper for appellee's counsel to make use of the same as he did in his argument to the jury; that it was not a paper in the case. The identical questions and answers referred to by counsel in his argument went into the record on cross-examination of appellant, and if the same had been transcribed by the court reporter from his record and furnished to counsel, he would have had a similar document, so far as the language was concerned, to the one from which he read; and to the extent that it was made use of by counsel, it was a paper or document in evidence in the case, and as against the objection urged no prejudicial error was committed against appellant in this behalf.

A Pullman company's passenger check was put in evidence, which contained the following: "Property taken into car will be entirely at owner's risk." And 8. in the argument of the cause to the jury, appellant's counsel was refused permission to discuss the law relative thereto, being informed by the court that he could read the instructions of the court to the jury as the law of the case and make the application of such law to the facts. It is appellant's contention that the provision in the Pullman passenger check, as aforesaid, was void, and that he had a right to so state the law in this respect to the jury and especially was it

error to refuse him permission to do so in view of the fact that the court gave no specific instruction in reference thereto. No instruction given refers specifically to the passenger check or its contents, but irrespective of the same, the jury was informed that if The Pullman Company failed to exercise reasonable care for appellant's property while within its car under the circumstances disclosed by the evidence, and that it was lost or stolen by reason thereof, The Pullman Company would be liable for such loss. Thus, in effect, no importance was attached by the instruction of the court to the provision in the ticket; the instructions in this connection were quite favorable to appellant and the action taken by the trial court in reference to the passenger check was not prejudicial to appellant. As to the force of such a provision in a passenger's check, we express no opinion, it being unnecessary to a disposition of the cause.

After a consideration of each of the questions presented, we have reached the conclusion that no error was committed by the trial court that calls for a reversal of the judgment. The same is therefore affirmed.

NOTE.—Reported in 114 N. E. 36. Carriers: duty of sleeping car company as to baggage or personal effects of passengers, 21 L. R. A. 289, 9 L. R. A. (N. S.) 407, 41 L. R. A. (N. S.) 799, L. R. A. 1915B 621, 6 Cyc 661, 10 C. J. 1202, 5 Am. St. 35, 14 Ann. Cas. 521, Ann. Cas. 1912B 974; jewelry as luggage for which a carrier is responsible, 99 Am. St. 350.