BENZOIN GIVENTER, Respondent, *v.* BENJAMIN S. ANTONOFSKY, Appellant, Impleaded with JACOB SLOAN, Defendant.

Second Department, June 25, 1924.

**Vendor and purchaser — action to recover back amount paid on contract — contract between plaintiff and two others to purchase one-fifth interest in land owned by appellant — contract provided that if lands were not used for purpose stipulated money paid by plaintiff would be returned and plaintiff would reconvey — provisions for repayment and reconveyance are dependent clauses — plaintiff cannot sue for amount paid without reconveying or tendering conveyance — contract provided that repayment would be made by both defendants — obligation was joint — action was commenced before expiration of extension — extension of time of payment as to one extended time as to other — error to direct judgment against one defendant only on ground that action as to other was prematurely brought.**

The plaintiff is not entitled to maintain an action to recover the amount of money paid on a contract for the purchase by the plaintiff and two others of a one-fifth interest in land owned by the appellant which contained a provision that if the land was not used for stipulated purposes the defendants would repay the amount paid by the plaintiff and the plaintiff would reconvey his one-fifth interest, where the plaintiff has not reconveyed his one-fifth interest to the defendants or offered to reconvey it, for the two clauses relating to the repayment of the money and the reconveyance of plaintiff's interest are dependent and the defendants could not be put in default until the plaintiff had offered to reconvey his interest.

The provision in the contract that the defendants agreed to return the purchase price paid to the plaintiff created a joint obligation and an extension of time for the payment as to one defendant extended the time as to the other.

The enforcement of the joint obligation against the two defendants must necessarily lead to a verdict and judgment which are joint in their nature and, therefore, it was error to direct a judgment as against one defendant only, on the ground that the action which was brought before the expiration of the extension was prematurely brought as against the other defendant.

APPEAL by the defendant, Benjamin S. Antonofsky, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 21st day of November, 1923, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the 17th day of December, 1923, denying the defendant's motion for a new trial made upon the minutes.

*John D. Lyons* [*Isidor Enselman* and *Ralph F. Kane* with him on the brief], for the appellant.

*Jerome A. Strauss,* for the respondent.

JAYCOX, J.:

This action is brought to recover $10,000 under a contract. The contract is dated November 17, 1921, and recites that the party of the first part (Antonofsky) owns a tract of land in the town of Liberty, Sullivan county, worth $50,000, upon which it is proposed to establish a sanitarium or hotel and boarding house; that the parties of the second (Sloan), third (Giventer) and fourth (Plotkin) parts each intend to purchase a one-fifth interest in said premises, and the business to be conducted thereon, for the sum of $10,000 for each fifth. The party of the first part agrees to sell and the other parties agree to buy. The sale was consummated, the purchase price paid and the deeds delivered. It was also provided in the above-mentioned agreement that a corporation should be formed and the title turned over to it and in consideration for the conveyance of title to such corporation the party of the first part should receive two-fifths and each of the parties of the second, third and fourth parts one-fifth of the capital stock of the said corporation.

The agreement further provided:

" 10. Should no such corporation be formed, on or before April 1st, 1922, it is hereby especially agreed upon that the party of the third part and the party of the fourth part shall be entitled to the return of all moneys paid by them hereunder or to be paid by them at the time of closing of title to the premises, upon the return of which money to them the said party of the third and the party of the fourth parts agree to reconvey his said one-fifth interest to either the party of the first part or to the party of the second part, both of whom hereby agree to return the said purchase price to the said party of the third and the party of the fourth part. This provision shall likewise apply in the event that a corporation will be formed, but will not engage in the business of conducting either a sanitarium or hotel, as hereinabove provided for."

The corporation was not formed; the plaintiff demanded the payment to him of $10,000, and upon failure to pay, instituted this action to recover said sum. Although plaintiff has not tendered nor delivered a deed, he has been awarded a judgment against the party of the first part to said contract (Antonofsky) for the sum of $10,000, with interest thereon from April 1, 1922.

In the contract the agreement to repay and the agreement to reconvey are dependent clauses. The parties agreed that upon the

happening of a certain event in the future to repay, and upon such repayment the plaintiff was to reconvey. The repayment and the reconveyance were concurrent and dependent events, and neither party could put the other in default except by performance or tender of performance. " Neither party can maintain the action until he has performed or tendered performance of his part of the agreement. A plaintiff must aver and prove performance, or a tender or waiver of performance, or a fact excusing non-performance." (*Rosenthal Paper Co.* v. *Nat. Folding B. & P. Co.*, 226 N. Y. 313, 322. See, also, Williston Contracts, 1596.)

The result of the demand for and the non-payment of the $10,000 did not put the other parties to the contract in default, as the payment was not a mere gratuity but was the consideration for the conveyance by plaintiff. The whole contract shows this. Plaintiff was to pay $10,000 and receive a conveyance. The payment was to be completed and the deed delivered simultaneously. Then under a certain contingency plaintiff was to be repaid and was to reconvey. He was to receive what he had paid and return the property for which he had paid. Both parties were to be restored to their former status. Performance by one was to keep pace with performance by the other. A clearer case of concurrent dependent clauses would be difficult to imagine. The result of this action illustrates the injustice which flows from the maintenance of such an action — the respondent can, under this judgment, have both his land and the purchase price too, and the appellant will have neither land nor money.

There is one other question which perhaps merits some discussion. In that portion of the agreement above quoted concerning the repayment of the purchase price it is provided: " the said party of the third and the party of the fourth parts agree to reconvey his said one-fifth interest to either the party of the first part or to the party of the second part, both of whom hereby agree to return the said purchase price to the said party of the third and the party of the fourth part." This is clearly a joint covenant upon the part of the parties of the first and second part. They are both to return the purchase price; the conveyance may be made to either but they are both to pay. The agreement to pay was joint only, and not joint and several. It is a general and well-established rule that promises by two or more persons create a joint duty unless the contrary is stated. " It is a general presumption of law that when two or more persons undertake an obligation they undertake jointly, words of severance being necessary to overcome this primary presumption." (*United States Printing & Lithograph Co.* v. *Powers*, 233 N. Y. 143, 152.)

Before this action was instituted the plaintiff and the defendant Jacob Sloan, who was the party of the second part in the above-mentioned agreement, entered into an agreement by which the time within which the said Jacob Sloan was to repay to the plaintiff said sum of $10,000 was extended to August 1, 1923. This extension had not expired at the time this action was brought. The defendant Sloan pleads said extension agreement and claims that the plaintiff waived the return of the said purchase money. At the conclusion of the whole case the court directed a verdict against the defendant Antonofsky but declined to direct a verdict against the defendant Sloan on the ground that at the time the action was brought Sloan's time to perform as extended had not arrived, and directed a verdict in favor of the defendant Sloan, dismissing the complaint solely upon the ground that the action was not maintainable at the time it was started. The enforcement of a joint obligation against several parties must necessarily lead to a verdict and judgment which are joint in their nature. (*United States Printing & Lithograph Co.* v. *Powers, supra.*) I think it is clear, therefore, that when the plaintiff extended the time of the defendant Sloan to perform, the time of the defendant Antonofsky was also extended and that the plaintiff was not entitled to a judgment against that defendant alone.

I see no occasion to pass upon the other questions discussed by counsel, since if a new action be brought those questions may not arise.

The judgment and order should be reversed on the law and facts, with costs, and the complaint dismissed without prejudice, with costs.

KELLY, P. J., RICH, MANNING and KAPPER, JJ., concur.

Judgment and order reversed on the law and the facts, with costs, and complaint unanimously dismissed without prejudice, with costs.