MELDRA BARBER AND CHARLES W. BARBER, HER HUSBAND, PLAINTIFFS-RESPONDENTS, v. ANTON HOCHSTRASSER, DEFENDANT-APPELLANT, AND THERESA HOCHSTRASSER, DEFENDANT.

Argued October 1, 1946—Decided July 29, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and COLIE.

For the appellant, *Burke, Sheridan & Hourigan* (*John H. Sheridan,* of counsel).

For the respondents, *Morris Edelstein* (*Alfred Brenner,* of counsel).

The opinion of the court was delivered by

HEHER, J. Plaintiff Meldra Barber, while walking her Collie and Airedale dog under leash on a public street in Union City, was struck and felled by a dog which accompanied the defendant, Theresa Hochstrasser, also a pedestrian; and she seeks damages for the resulting injury. The plaintiff's husband, Charles W., sues *per quod*. The gravamen of the complaint is joint and several ownership, control and harboring of the animal by Theresa Hochstrasser and her husband, Anton, with knowledge that it had vicious propensities. Anton was not present when the mishap occurred.

The jury empanelled to try the issue awarded damages against both defendants. Only Anton appeals from the consequent judgment.

The local registration of the dog was in the name of Theresa as owner; and she testified that it was "maintained or kept" in the home of herself and her husband, and "was cared for" by both and sustained out of an allowance granted by the husband for household expenses. She referred to it as her dog. Anton disclaimed ownership of the animal. He said that he "supposed" his son, Anthony, owned it; but Anthony was married at the time and had resided elsewhere with his family for some four years prior thereto. The dog had been harbored in the home of Anton and his wife from the time it was acquired, and registered annually from that domicile. They held the real estate as tenants by the entirety. There was evidence that the animal had vicious propensities to the knowledge of Theresa. Anton denied he had such knowledge. The case is not within the terms of *R. S.* 4:19–16.

It is assigned for error that the judge instructed the jury that if they found Theresa had knowledge of "the vicious or mischievous propensities" of the dog prior to the happening, and that it "was harbored in the home" of Anton, he (Anton) "would be chargeable with the knowledge possessed by his wife and * * * would in such instance be liable" for the injuries sustained by plaintiffs; and, again, that if "the dog was harbored in the home" of Anton, "you may impute knowledge or notice which the wife had against the husband."

The question is essentially one of agency. The knowledge of the wife is imputable to her husband only if acquired by her while acting as his agent in relation to matters within the scope of her authority. It is elementary that the relationship of principal and agent must subsist to charge the one with notice received by the other. By statute, a husband is not responsible for his wife's torts, "except in cases where he would be jointly responsible with her if the marriage did not exist." *R. S.* 37:2–8. Thus, he is liable for the tortious acts of his wife committed as his agent, but not otherwise, barring the participation which would make him a joint tortfeasor. At common law, the keeper of an animal of the class *ferae naturae* is presumed to have knowledge of its vicious propensities, and is liable as an insurer for injuries inflicted by it; but in the case of an animal *domitae naturae*, there is a presumption of a non-vicious nature, and its keeper is liable for its depredations, again as an insurer, only in case it was in fact vicious and he had knowledge of its vicious inclinations. The gravamen of the cause of action in this event is not negligence, but rather the wrongful keeping of the animal with knowledge of its viciousness; and thus both viciousness and *scienter* are indispensible elements to be averred and proved. *Emmons* v. *Stevane,* 77 *N. J. L.* 570. One not the owner of a vicious dog may be liable as its keeper, if he is in fact such and has knowledge of its vicious disposition; and one may also be responsible as a joint owner or keeper of such an animal, if he has notice of its vicious qualities. And a husband and wife may bear this relationship to one another. A husband may jointly with his wife keep or harbor a vicious dog with the household; and he is liable as such for injury inflicted by the animal, if he had knowledge of its vicious tendencies. Of course, all this is subject to the modification of the rule effected by *R. S.* 4:19–16, *supra,* not pertinent here.

This is not necessarily to say that a wife is jointly liable with her husband for the injuries occasioned by an animal of this class simply because it was kept and maintained by her husband in the household. *Emmons* v. *Stevane,* 73 *N. J. L.* 349; affirmed on this point, 77 *Id.* 570. But see *Quilty*

v. *Battie,* 135 *N. Y.* 201; 32 *N. E. Rep.* 47. Yet the husband, as the head of the family, in possession and control of the family abode, may be liable as the keeper of the animal, even though it is owned by his wife or other member of the family, if he suffers it to be kept upon the premises and thereby affords it a place of refuge and protection, certainly so if he cares for and exercises a measure of control over it as a family appendage, and thus keeps and harbors it jointly with his wife. The essence of the action is not ownership, but the keeping and harboring of an animal, knowing it to be vicious. One who keeps a savage dog is bound to secure it against its doing mischief. *Vide Quilty* v. *Battie, supra; Oakes* v. *Spaulding,* 40 *Vt.* 347; *Smith* v. *Royer,* 181 *Cal.* 165; 183 *Pac. Rep.* 460; *McLain* v. *Lewiston Interstate Fair Association,* 17 *Idaho* 63; 104 *Pac. Rep.* 1015; 24 *L. R. A.* (*N. S.*) 691; *Lanna* v. *Konen,* 119 *Conn.* 646; 179 *Atl. Rep.* 425.

Is previous knowledge of viciousness on the part of the wife imputable to the husband in these circumstances? That depends upon the existence of the relation of principal and agent. Agency is not inherent in the marital relation. Although marriage may be a circumstance bearing upon the fact of agency, the wife is the agent of her husband only by virtue of his authority expressly given or fairly to be implied from the circumstances. Save cases of apparent or ostensible authority (which are in essence grounded in estoppel, although this view is not without question), and the comparatively rare cases of agency by implication of law in special and exigent circumstances, there must be an agency in fact derived from the will of the parties; and this is ordinarily a question of fact for the jury. *McCreery & Co.* v. *Martin,* 84 *N. J. L.* 626; *Lieberman* v. *Drill,* 94 *Id.* 387; *McFerren* v. *Goldsmith-Stern Co.,* 137 *Md.* 573; 113 *Atl. Rep.* 107; 18 *A. L. R.* 1125; 41 *C. J. S.* 96; 26 *Am. Jur.* 845, *et seq.*

The challenged instruction was simply this, in substance and effect: That if Anton and his wife jointly harbored the dog in their household for their joint benefit and advantage, and allowed it the use of the public highways, there was mutual agency in its management, and the husband in that

event was chargeable with the wife's prior knowledge of the dog's vicious propensities. We perceive no error in this direction, considered in relation to the context and the facts and circumstances. On principles familiar to the law of agency, the knowledge of the wife, acquired within the scope of the common enterprise or undertaking, was imputable to her husband. The custody of a vicious animal such as this is the custody of all joint keepers; and they are all jointly liable for the damage done by it. And, by the same reasoning, notice to one joint keeper is notice to all such. *Oakes* v. *Spaulding, supra.* There is in such circumstances the community of design and interest and concert in the management of the animal which subjects them to joint responsibility for the injury done. 2 *Am. Jur.* 735, 736; 41 *A. L. R.* 1226; 51 *L. R. A. (N. S.)* 45. The sole criticism of the charge is that it proceeded upon the hypothesis that the wife was the husband's agent "simply because she was (his) wife." But such is not the case.

Next, it is urged that there was error in the admission in evidence of an official record of the local board of health purporting to show that on June 20th, 1941, "Anthony Hochstrasser of 1406 West Street" (the then residence of appellant and his wife) "reported that his dog bit a man on the right forearm" the prior day. The record was proved by a sanitary inspector of the local health bureau who exercised a measure of supervision over the entry of such reports therein and who identified and established the handwriting. The grounds of the objection at the trial were that the record was not proved by the person who actually made the entries, and it was not established that appellant, himself, made the report in question. It is pointed out that the record shows that the given name of the person making the report was Anthony.

We are of the view that the record was admissible as a public writing within the rule laid down in *State, ex rel. Reeves* v. *Ferguson,* 31 *N. J. L.* 107. Where public officers are under a duty to keep a record of transactions which occur in the course of their public service, the official records and writings so made by such officers, or under their supervision, are of a public nature and are ordinarily admissible in evidence as

proof of their contents, even though not proved by the person who actually made the entries. Such records are made under circumstances which afford a sufficient guarantee of trustworthiness to render them admissible as evidence under a well-defined exception to the hearsay rule. *Wigmore on Evidence* (*3d ed.*), § 665. The statute enjoins the making of reports such as is here under review, and appropriate action thereon. *R. S.* 26:4–79, 26:4–80, 26:4–81, 26:4–82, 26:4–86.

And it follows from the foregoing that there was no error in the denial of appellant's motion for a directed verdict in his favor.

The motion was grounded upon the contention that there was no evidence tending to show that appellant harbored the dog, and that, even though there was, there was no proof of *scienter*. There was evidence of harboring and also of the requisite prior knowledge of viciousness, certainly of constructive or imputed knowledge.

Judgment affirmed, with costs.