MARIE BARONE *v.* WILLIAM WINEBRENNER, ET UX.

[No. 3, October Term, 1947]

*Decided November 3, 1947.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

*Alan E. Cohan* and *Cornelius V. Roe* for the appellant.

*Robert H. Engle,* with whom were *Michael Paul Smith, Roszel C. Thomsen* and *Clark, Thomsen & Smith* on the brief, for the appellees.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by Marie Barone, plaintiff below, from a judgment entered in favor of the defendants below, appellees here, William Winebrenner and Katherine M. Winebrenner, his wife.

Appellant claims that the trial judge erred in refusing her prayers as to the right-of-way of pedestrians and damages, because the verbal charge to the jury which intended to cover the law of the right-of-way of pedestrians did not do so, and because the verbal charge did not mention damages, a damage prayer having been offered by the plaintiff.

The appellant also contends that the trial judge should not have granted a directed verdict for the defendant, William Winebrenner, the owner of the automobile driven by his wife, Katherine M. Winebrenner, an exception having been taken by the appellant to the granting of this demurrer prayer.

Rule 6 (c) and (d), Part III of the General Rules of Practice and Procedure, adopted by this court and effective September 1, 1941, provides:

"(c) Objections. *Before the jury retires* to consider its verdict, any party may object to any portion of any instruction given or to any omission therefrom or to the failure to give any instruction, stating distinctly the portion or omission or failure to instruct to which he objects and the specific grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury.

"(d) Appeal. Upon appeal a party, in assigning error in the instructions, shall be restricted to (1) the particular portion of the instructions given or the particular omission therefrom or the particular failure to instruct distinctly objected to *before the jury retired* and (2) the specific grounds of objection distinctly stated *at that time; and no other errors or assignments of error in the instructions shall be considered by the Court of Appeals.*" (Italics supplied here.)

No objection was made by the plaintiff to the oral instructions of the trial judge to the jury until December 6, 1946, the verdict having been returned by the jury on October 22, 1946, and judgment entered the same day.

Rule 6, *supra,* provides in part:

"(b) Instructions. In its instructions to the jury, which may be given either orally or in writing or both, the Court, in its discretion,

"(1) may instruct the jury upon the law of the case, either by granting requested instructions or by giving instruction of its own on particular issues or on the case as a whole, or by several or all of these methods, but need not grant any requested instruction if the matter is fairly covered by instructions actually given."

In the case now before this court the trial judge refused prayers five and six of the defendant, Katherine M. Winebrenner, and granted exceptions to that refusal. He did not in terms grant or refuse the remaining prayers of the defendant or any of the plaintiff's prayers. He intended to incorporate the law of the case in an oral instruction to the jury. As we have said, plaintiff did not object to the charge as failing adequately to incorporate any of her prayers.

The purpose, of course, in requiring exceptions to be made to the instructions of the trial judge before the jury retires is to give that judge an opportunity to correct or add to his instructions matters either first erroneously stated or omitted. The court's charge to the jury should properly state the law of the case. *Feinglos v. Weiner,* 181 Md. 38, 47, 28 A. 2d 577. No particular form is prescribed as to the manner in which the trial judge should instruct the jury other than that the instructions should cover the law of the case. *Larkin v. Smith,* 183 Md. 274, 284, 37 A. 2d 340. The party here, before the jury retired, had an opportunity under Rule 6 (c), *supra,* to object to any part of the instructions and have it corrected if erroneous. In the instant case, as no objection was made to the instruc-

tions before the jury retired to consider its verdict, and, as no specific grounds of objection were stated before the jury retired, under Rule 6 (d), *supra,* we are prevented on appeal from considering errors in the instructions given in this case. In passing, it might be well to say that in our opinion the instructions fairly covered the law of the case.

It is true that the judge neglected to instruct the jury on damages as requested in the second prayer of the plaintiff. However, as above stated, no objection was made to this omission before the jury retired. Further, in view of the fact that the jury found a verdict for the defendant, the plaintiff was not prejudiced by the failure of the court to instruct as to damages. *Biggs v. Hutzler Bros. Co.,* 181 Md. 50, 28 A. 2d 609. It was said in that case, 181 Md. at page 56, 28 A. 2d at page 612: "Furthermore, as the jury found a verdict for the defendant the plaintiff could not be damaged, because she had not submitted a damage prayer."

As to the directed verdict in favor of William Winebrenner, the testimony in the case showed that Katherine M. Winebrenner was the wife of William Winebrenner, the owner of the automobile involved in the alleged accident. He was sued merely as the master and principal of Katherine M. Winebrenner on the theory that at the time of the accident she was conducting business for him. He was not in the automobile at the time of the alleged accident. She was operating the automobile and the jury found a verdict for her. Therefore, since Katherine M. Winebrenner was blameless in this matter, even if she were the agent or servant of the owner of the automobile, he would not be liable as her principal or master. Any action against him as the master or principal is barred. Liability is the true basis for the doctrine of *respondeat superior. Riegger v. Bruton Brewing Co.,* 178 Md. 518, 520, 16 A. 2d 99, 131 A. L. R. 307; *Good Health Dairy Products Corporation v. Emery,* 275 N. Y. 14, 15, 9 N. E. 2d 758, 112 A. L. R. 401. Of course, in order to cause the master to

be civilly responsible for the conduct the act must constitute a tort. *Restatement of the Law of Agency,* Section 246.

If the wife, the driver of the car, was not liable for the accident, her husband would not be liable merely as the principal or as the master of the blameless driver. The judgment will therefore be affirmed.

*Judgment affirmed, with costs.*