248 P.2d 662

**TORRES v. ROSENBAUM et al.**

No. 5521.

Supreme Court of New Mexico.

Sept. 25, 1952.

Mabry & Mabry, Albuquerque, for appellants.

W. T. O'Sullivan, Joseph L. Smith, Albuquerque, for appellee.

McGHEE, Justice.

The defendants appeal from a verdict and judgment awarding the plaintiff $7,-500 for injury occasioned by a dog bite.

The plaintiff was employed as a housemaid by the defendants at the time she received the injury of which she complains. She testified, in substance, as follows: The defendants occasionally purchased fresh eggs from a neighbor, Mrs. Anderson. On one occasion the plaintiff was asked to go to the Anderson home to get some eggs, a distance of about a quarter of a mile. When she arrived at the Anderson home their Collie dog rushed upon her and tore her clothing. She told her employers of the actions of the dog and thereafter one of the defendants' sons got the eggs. Several months later she drove to the Anderson home with the defendant, Mrs. Rosenbaum, who asked her to go in and get the eggs. After expressing her reluctance to enter the premises because of her fear of the dog, she was reassured by Mrs. Rosenbaum the dog would not harm her. She then walked up the driveway to the house and was jumped upon and bitten on the lower left leg by the dog.

The plaintiff's doctor testified that as a result of the dog bite the plaintiff suffered osteomylitis necessitating surgery and that she further developed appendicitis which was traceable to the infection resulting from the dog bite.

Testimony other than that of the plaintiff was introduced to the effect the dog would bark at persons approaching the premises until spoken to by its owners; that the dog would bark at and chase passing automobiles; that it had been hit while so doing, and was finally killed when struck by an automobile under similar circumstances.

After the defendants rested their case the plaintiff called to the witness stand Mrs. Lee A. Robertson, a witness who was subpoenaed by the defendants, but who had not testified prior thereto. Over the objection of the defendants the witness was permitted to testify Mrs. Anderson had told her the dog disliked Spanish people. The record reads as follows:

"Q. Will you tell the Court and the Jury whether 'Big Boy' the dog that the Andersons' had, had any proclivities for barking at, charging or showing a display of any kind over people in particular? A. Mr. O'Sullivan, you are asking the wrong person. Mrs. Anderson told me at one time 'Big Boy' apparently disliked * * *.

"Mr. Mabry: I object to that as hearsay, what Mrs. Anderson told her.

"The Court: I will overrule the objection.

"Mr. Mabry: She is not a party to this lawsuit, your Honor.

"The Court: I will allow it as evidence of a declaration against interest.

"Mr. O'Sullivan: She was a witness, we are impeaching her, at least what it was and Mrs. Anderson told you. * * *

"A. *She is the one you should ask because she told me that 'Big Boy' disliked Spanish people. I know nothing of it myself, personally.*"

As their first point in this appeal the defendants assert the admission of the italicized answer constitutes reversible error.

The plaintiff contends the error, if any, committed by the trial court is improperly assigned. The assignment reads:

"The District Court erred as follows:

"1. In admitting the testimony of Mrs. Lee A. Robertson. * * *"

The plaintiff maintains the assignment is too broad and so we might view it if it were not for the fact the specific portion objected to constitutes the sole testimony of the witness except her responses to questions asked for purposes of identification. Since there can be no doubt as to the matter actually objected to under the assignment, and as the claimed error is definitely

set out under the first point, we will not refuse to pass upon it.

At the trial of the case, as seen in the quoted portion of the record, the court admitted the testimony as a declaration against interest, while the attorney for the plaintiff urged it was admissible by way of impeachment of Mrs. Anderson; but it was admitted at the argument the evidence was not admissible for either purpose. The plaintiff now contends the testimony is admissible on the ground it is relevant to prove the general reputation of the dog.

The basis of liability in this case is negligent conduct on the part of Mrs. Rosenbaum in sending the plaintiff to a place where she would be exposed to an attack by a vicious dog which belonged to the Andersons. Essential to the existence of a duty between the plaintiff and the defendants which has been violated by the latter, it must be shown the defendants had either actual or constructive knowledge of the vicious propensities of the dog which injured the plaintiff.

It has been recognized that in cases where the character of a dog or other animal is at issue, such character may be proved by reference to the general reputation of the dog in the community. 32 C.J. S., Evidence, § 434a; 1 Wigmore on Evidence (3rd ed.) § 68a and for discussion of proof of character by reputation generally,

see 1 Wigmore, op. cit. supra, § 52. Proof of character of animals is made in the same manner as that of human beings, with the significant relaxation of the rule that specific instances of conduct of a person may generally not be shown to prove character, whereas the character of animals is permitted to be shown by specific conduct. 32 C.J.S., Evidence, § 436a; 1 Wigmore, op. cit. supra, § 201; Annotation 61 A.L.R. 888.

It is important, however, to note it is not the character of the dog which is significant in the present consideration, as the real point in issue is whether or not the defendants are chargeable with knowledge of the dog's vicious propensities by virtue of its having a general reputation in the community for such propensities, or by actual knowledge of such nature. Even if the statement of the owner as related by the witness might be considered relevant as tending to prove the actual character of the dog, which we do not decide, nevertheless, it does not purport to reflect the dog's general reputation. Nor are the defendants by the statement itself or by any other showing made chargeable with notice of the statement or its import.

The plaintiff cites the case of Fisher v. Weinholzer, 1903, 91 Minn. 22, 97 N.W. 426, in support of her argument. There, in an action against the owner of a dog which

inflicted personal injuries on the plaintiff, a witness was permitted to testify concerning the vicious nature of the dog, although he stated he derived his information from the statements made by only one person— the porter employed by the owner of the dog. The declarations of the Minnesota court in the Fisher case are not applicable to the instant case because here the owner of the dog is not the defendant. Furthermore, there is no showing the claimed statement of Mrs. Anderson was ever disclosed to either of the defendants, or that they had any knowledge of it before sending the plaintiff to the Anderson home.

The admission of the testimony of Mrs. Robertson as to what the owner of the dog said to her was erroneous, and, in view of the nature of the remainder of the evidence on the question of the reputation of the dog, may well have been the turning point in the minds of the jurors. As a new trial must be granted on this point, we do not deem it necessary to rule on other assignments of error made by defendants.

The case is reversed and remanded for a new trial.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON and COORS, JJ., concur.