607 P.2d 632

John Daniel MALLARD, an infant by Richard C. Mallard and Jeanne Mallard, his natural parents and guardians, Plaintiffs-Appellants,

v.

L. W. ZINK and Mrs. L. W. Zink, his wife, Defendants-Appellees.

No. 3892.

Court of Appeals of New Mexico.

Sept. 11, 1979.

Certiorari Granted Oct. 29, 1979.

S. Thomas Overstreet, P. C., Alamogordo, for plaintiffs-appellants.

George D. Maxwell, Durrett, Conway, O'Reilly & Jordon, P. C., Alamogordo, for defendants-appellees.

OPINION

SUTIN, Judge.

This is a "dog bite" case in which John Daniel Mallard, almost three years of age, was attacked by Zinks' dog, Rambler, and suffered injuries to his face and head. At the close of all the evidence, the court directed a verdict for Mrs. Zink and submitted the case to the jury on the liability of Mr. Zink. A verdict was returned in favor of Mr. Zink and judgment entered. The Mallards appeal. We reverse.

A. *The trial court erred in directing a verdict for Mrs. Zink.*

The facts most favorable to John are as follows:

On March 15, 1975, John accompanied by brothers and sisters went to play in Alameda Park, a public place in Alamogordo. The Zink children also went to play in the park, and, with the permission of their mother, took along two dogs, one of them being Rambler. The children tied Rambler to the slide at which John was playing. When John went down the slide he fell to the ground and Rambler attacked him on the face, causing the injury. The dog was impounded. Some ten days or two weeks later, Mr. Zink asked to have Rambler "destroyed" because the "dog bites," apparently referring to an earlier incident where the dog had been impounded because it had bitten another small child.

Rambler was the Zinks' family dog. He was tied up in the evening, but he was let loose during the day and ran off. Mrs. Zink did not like pets. She knew that Rambler disappeared for two or three days quite often, but she had no knowledge of any natural inclination or tendency of Rambler that might be dangerous to people. At the close of all the evidence, the trial court directed a verdict for Mrs. Zink because "reasonable minds cannot differ on the scienter of Mrs. Zink." The court instructed the jury that "The Court has removed Mrs. L. W. Zink as a party Defendant . . . ."

The directed verdict was obviously erroneous. Where a vicious dog is kept at the home of a married couple, knowledge of its vicious character by one spouse is notice to the other. *Swain v. Tillett*, 269 N.C. 46, 152 S.E.2d 297 (1967); *Benke v. Stepp*, 199 Okl. 119, 184 P.2d 615 (1947); *Barber v. Hochstrasser*, 136 N.J.L. 76, 54 A.2d 458 (1947); 4 Am.Jur.2d *Animals* § 91 (1962).

The crucial question is: Was the directed verdict harmless or prejudicial error? We hold that it was prejudicial error.

Legal authority is sparse. It has been held that when a cause of action is such that the verdict thereon must necessarily be joint, a directed verdict producing a contrary result in favor of one of the parties jointly liable is prejudicial error. *Giventer v. Antonofsky*, 209 App.Div. 679, 205 N.Y.S. 287 (1924). *Giventer* stands for the proposition that "The enforcement of a joint obligation against several parties must necessarily lead to a verdict and judgment which are joint in their nature. *U. S. Printing & Lithograph Co. v. Powers*, supra, 233 N.Y. 143, 135 N.E. 225 (1922)." [205 N.Y.S. at 290.]

In the instant case the Zinks are joint owners or keepers of Rambler. They are one unit, merged for purposes of the enforcement of John's claim, and they are jointly liable for damage done by Rambler. *Swain, supra; Barber, supra.* A directed verdict for the wife at the close of all the evidence was reversible error.

For an explanation of the subject of *"Harmless Error v. Prejudicial Error,"* see *Maxwell v. Santa Fe Public Schools*, 87 N.M. 383, 534 P.2d 307 (Ct.App.1975), Sutin, J., specially concurring.

The directed verdict also violated a substantial right of John. Rule 61 of the Rules of Civil Procedure entitled "Harmless Error" provides in pertinent part:

> * * * The court at every stage of the proceeding must disregard any error or defect in the proceeding *which does not affect the substantial rights of the parties.* [Emphasis added.]

"This, as the language plainly shows, does not change the well-settled rule that an erroneous ruling which relates to the substantial rights of a party is ground for reversal unless it *affirmatively* appears from the whole record that it was not prejudicial." [Emphasis by court.] *McCandless v. United States*, 298 U.S. 342, 347–8, 56 S.Ct. 764, 766, 80 L.Ed. 1205 (1936).

A substantial right of John is a right to a joint verdict or judgment against the Zinks. To direct a verdict in favor of Mrs. Zink was reversible error because, from the whole record, it does not *affirmatively* appear to the contrary.

Error in directing a verdict for one of two defendants jointly liable is not a technical error. Under a Supreme Court rule identical in language with Rule 61, the Supreme Court said:

"In determining whether it is reversible error, we will accept the slightest evidence of prejudice, and all doubt will be resolved in favor of the party claiming prejudice." *Jewel v. Seidenberg*, 82 N.M. 120, 124, 477 P.2d 296, 300 (1970).

This rule does not define the word "slightest," but it is the superlative degree of the word "slight," and must therefore mean very slight. *Deans v. Deans*, 171 Ga. 664, 156 S.E. 691 (1931); *Bowman v. Bowman*, 205 Ga. 796, 55 S.E.2d 298 (1949), aff'd, 207 Ga. 226, 60 S.E.2d 242 (1950).

■ "Very slight evidence of prejudice" is akin to holding an erroneous ruling, on a substantial right of a party, prejudicial error as a matter of law. If we desire to affirm an erroneous ruling, we must say with a high degree of assurance that the error did not affect the jury and was therefore harmless. For examples of harmless error in directing verdicts for one of the defendants, see, *Pinkus v. Pittsburgh, C., C. & St. L. Ry. Co.*, 65 Ind.App. 38, 114 N.E. 36 (1916); *Barone v. Winebrenner*, 189 Md. 142, 55 A.2d 505 (1947); *Buckeye Powder Co. v. Dupont Powder Co.*, 248 U.S. 55, 39 S.Ct. 38, 63 L.Ed. 123 (1918). *Union Trust Co. v. Woodrow Mfg. Co.*, 63 F.2d 602 (8th Cir. 1933). No harm comes to a plaintiff when a directed verdict is granted in favor of a principal or master who is vicariously liable and the agent or servant exonerated, or where a party's conduct bears little or no relationship to plaintiff's harm.

We have no way of knowing how a jury went about it business in this case. But in a dog bite case, the Supreme Court did state that the admission of erroneous testimony "may well have been the turning point in the minds of the jurors." *Torres v. Rosenbaum*, 56 N.M. 663, 667, 248 P.2d 662, 664 (1952). We can also say that the directed verdict in favor of Mrs. Zink "may have been the turning point in the minds of the jurors." If Mrs. Zink, a joint owner of

Rambler, was removed as a party, why should Mr. Zink be held liable? It was Mrs. Zink who gave permission to the children to take the dog to the park, not Mr. Zink. If Mrs. Zink was not liable as a matter of law, the jury may have concluded that Mr. Zink was not liable. We do not have a high degree of assurance that the directed verdict did not affect the verdict of the jury. Perhaps the best that can be said is that the chances the jury was affected by the directed verdict are as good as the chances they were not. We resolve the doubt in favor of plaintiffs.

We hold that the trial court erred prejudicially in directing a verdict for Mrs. Zink.

We have carefully reviewed the other points raised in this appeal and do not find them sufficiently meritorious to deserve any decision.

Reversed. Plaintiffs are entitled to a new trial.

IT IS SO ORDERED.

ANDREWS, J., concurs.

HENDLEY, J., dissenting.

HENDLEY, Judge (dissenting).

I disagree with the majority and would affirm on all issues.

*Facts*

Defendants, Mr. and Mrs. Zink, were the owners of a pet dog named Rambler. On March 15, 1975, Mrs. Zink gave permission to two of her children to take Rambler and another dog to a park in Alamogordo. The children kept the dogs leashed. They were followed by other unleashed dogs, including a female dog in heat. When they arrived at the park, the children tied Rambler to the center of a kiddie slide. The eldest child went to play with John's oldest sister who had brought him to the park. The youngest of defendants' children played with John on the slide.

The younger child testified that Rambler, although tied to the center area of the slide, was near the female dog in heat. John, who was then about 3½ years old, fell off

the slide between Rambler and the female dog in heat. The female dog ran off. Rambler bit John about the face, causing the injury.

Mr. Zink testified that prior to this incident, he had been told by the manager of the animal shelter in Alamogordo that Rambler had been identified from several dogs by a 2½ year old child as the dog which had done the biting. Mr. Zink was uncertain of the validity of the incident and, in fact, never mentioned it to Mrs. Zink. Mrs. Zink testified she did not know of the incident and, in fact, made no inquiry of the dog's whereabouts during the ten days he was under observation at the animal shelter.

*Directed Verdict in Favor of Mrs. Zink*

At the close of all the evidence, the trial court directed the verdict in favor of Mrs. Zink on the grounds that reasonable minds could not differ that she had no knowledge of any dangerous propensity of Rambler. Plaintiffs contend this was error, claiming that as a joint owner with Mr. Zink, his knowledge was imputed to her.

A directed verdict is proper only if reasonable minds cannot differ as to the conclusion to be reached under the evidence or permissible inferences to be drawn therefrom. If reasonable minds can differ, the question is one for the jury and it is error to direct the verdict. *Smith v. Loos*, 78 N.M. 339, 431 P.2d 72 (Ct.App. 1967); *Jones v. New Mexico School of Mines*, 75 N.M. 326, 404 P.2d 289 (1965). On appeal, this Court must view the evidence and all reasonable inferences therefrom in " 'the light most favorable to the party resisting the motion, and must disregard all conflicts in the evidence unfavorable to the position of that party.' " *Skyhook Corp. v. Jasper*, 90 N.M. 143, 560 P.2d 934 (1977).

As a general rule, notice of the vicious propensities of an animal to one joint owner or keeper is notice to all such owners or keepers. *Ayers v. Macoughtry*, 29 Okl. 399, 117 P. 1088 (1911); *Halm v. Madison*, 65 Wash. 588, 118 P. 755 (1911); *Barber v. Hochstrasser*, 136 N.J.L. 76, 54 A.2d 458 (1947); and *Swain v. Tillett*, 269 N.C. 46,

152 S.E.2d 297 (1967). The question of viciousness is usually one for the finder of fact who may infer such a nature from one act. *Perkins v. Drury*, 57 N.M. 269, 258 P.2d 379 (1953).

Here, the trial court ruled as a matter of law that Mrs. Zink had no notice of the vicious propensities of her dog, Rambler. For the purposes of this dissent, I will assume the trial court erred in so ruling. However, even so, the error was harmless. At the conclusion of the case against Mr. Zink the court submitted the following instruction to the jury:

Instruction No. 10

The Plaintiff claims that he sustained damages as a result of being bitten by defendant's dog and that the proximate cause thereof was the ownership of a dog which was vicious or had a natural inclination or tendency to be dangerous, and the owner had knowledge thereof. . .

The jury found for Mr. Zink. In order to reach this verdict, they necessarily had to find that Rambler was not vicious or did not have any natural tendency to be dangerous, and/or Mr. Zink had no knowledge of this viciousness or the inclination to be dangerous. Since Mrs. Zink's knowledge was vicariously dependent upon that of Mr. Zink, it could be no greater than his.

The trial court erred in directing the verdict in favor of Mrs. Zink, but this error was harmless. *Harris v. Quiones*, 507 F.2d 533 (10th Cir. 1974).

Accordingly, I dissent.