RADCLIFFE ET AL. *v.* TEXAS SUPPLY COMPANY
ET AL.

[No. 43, October Term, 1949.]

118

*Decided December 9, 1949.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON and HENDERSON, JJ.

*J. B. Randol Carroll* and *Hilary W. Gans*, with whom were *Charles Ruzicka* and *Cornelius V. Roe* on the brief, for appellants.

*Roszel C. Thomsen*, with whom were *Robert H. Engle, Clark, Thomsen & Smith* and *John Grason Turnbull* on the brief, for appellees.

HENDERSON, J., delivered the opinion of the Court.

Keith B. Radcliffe, Jr., seventeen years of age, was seriously injured on August 13, 1947, when the motorscooter he was operating collided with a tractor-trailer at the intersection of York Road and Belvedere Avenue in Baltimore City. Suits were instituted in Baltimore County by Keith B. Radcliffe, Sr., as his father and next friend, and individually, to recover damages for the injuries and losses sustained. The case was tried before a jury. At the close of the testimony the court refused motions for directed verdicts. The jury, however, found verdicts for the defendants.

The infant plaintiff was proceeding north on York Road at a speed of about 25 miles an hour at 7:20 in the morning of a clear, dry day, on his way to work at Towson. York Road is about 50 feet wide, with double street car tracks in the center, sunk in the asphalt. Belvedere Avenue is 36 feet wide. The intersection is at right angles, and there is a traffic light in the center. When he was about 150 feet from the intersection he saw a tractor-trailer, bound south on York Road, stopped north of the traffic light in the southbound car tracks. He could not remember seeing the driver signaling for a left turn, as the driver testified he did, but he knew

at that time that the driver intended to make a left turn into Belvedere Avenue. The light turned green, and he saw the tractor-trailer start to make the turn. He thought it was going to stop, "it paused momentarily." He did not put on his brakes until he was at the intersection. He swerved to the left, 1 to 4 feet, but struck the right rear wheel of the trailer, about 2 feet from its rear. It was shown that the tractor-trailer was 29½ feet long, and that the point of impact was 15 feet south of the north curb line of Belvedere Avenue and 7 feet west of the east curb line of York Road. At the moment of impact the tractor, and half the trailer were past the east curb line of York Road. It was moving slowly, in second gear, and covered a distance of about 40 feet after it began the turn, at a speed of 4 or 5 miles per hour. The infant plaintiff admitted after the accident that it was his fault, saying that his brakes did not work and he could not stop or swerve into the unobstructed portion of the lane. He had a "learner's card" to operate the scooter, which he had purchased two weeks before the accident.

The court gave an elaborate and careful charge to the jury, with particular reference to the rules as to right of way. No objection was taken to this part of the charge, but counsel for the appellants stated: "I submit that the jury should be advised that the operator [of the tractor-trailer] in making a left hand turn should go to the right of the center of the road". The court replied: "I do not think that has any application to the facts in this case."

The appellants contend that the court erred in refusing to make the charge requested, and that the undisputed physical facts show that the driver of the tractor-trailer was "cutting the corner". The appellees contend that there is nothing in the present statutory provision (section 170, Article 66½ of the Code, 1947 Supp.,) requiring an operator making a lefthand turn to round the center point, that there was no evidence that the operator violated the Statute, or, if he did, that this

was the proximate cause of the accident. We find no error in the court's refusal to charge as requested.

Section 170 (b) of Article 66½ of the Code, 1947 Supp., as enacted by chapter 1007, Acts of 1943, "(Turning at Intersections)", provides that an "approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered." *Cf.* Section 32, Uniform Laws Respecting Traffic on Highways. This section may be compared with the law as it stood prior to 1943, (1939 Code, Article 56, section 235, paragraph 2), which provided "all vehicles shall * * * pass to the right of the center of such intersection when turning to the left." There is nothing in the present law requiring a vehicle to round the center point. See *Pierce v. Dencker,* 1940, 229 Iowa 479, 294 N. W. 781, construing a similar provision, after a similar change in the Iowa Statute. Even if we could infer from the evidence that, at the time of the accident, the rear of the trailer was not in a position to leave the intersection to the right of the center line of Belvedere Avenue, we think there is no showing that this was the proximate cause of the accident. *Cf. Belle Isle Cab Co. v. Pruitt,* 187 Md. 174, 182, 49 A. 2d 537, and *Sudbrook v. State,* 153 Md. 194, 199, 138 A. 12. The position of the trailer slightly north of the center line of Belvedere Avenue, if it played any part in the accident, would seem to have afforded the infant plaintiff more room in which to stop or swerve. The real questions were whether the driver of the tractor-trailer failed to yield the right of way, and whether the infant plaintiff used due care under the circumstances. Both these questions were submitted to the jury under a charge to which no objections were raised by the plaintiffs.

The appellants also contend that the court erred in charging the jury that Mr. Radcliffe, Sr., was not entitled to recover hospital expenses paid on his account under

a "hospital service and Blue Cross" plan, citing *City Passenger Railway Company v. Baer,* 90 Md. 97, 44 A. 992. The appellees attempt to distinguish this case. We find it unnecessary to decide the point, since even if the charge was erroneous, the question is moot in the light of the jury's verdicts for the defendants in both cases. *Barone v. Winebrenner,* 189 Md. 142, 55 A. 2d 505, 506; *Biggs v. Hutzler Brothers Co.,* 181 Md. 50, 56; 28 A. 2d 609; *Merrick v. United Railways and Electric Company,* 163 Md. 641, 646, 163 A. 816.

*Judgments affirmed, with costs.*