FRANCIES *v.* DEBAUGH

[No. 78, October Term, 1949.]

450

452

*Decided February 9, 1950.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*John Grason Turnbull* and *Roszel C. Thomsen,* with whom were *Clark, Thomsen & Smith* on the brief, for the appellant.

*Daniel E. Klein* and *Michael Paul Smith,* with whom was *J. Elmer Weisheit, Jr.,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by William Lokein Francies, defendant below, appellant here in a suit for damages as a result of an automobile accident, from a judgment on verdict of a jury in favor of Joseph Clinton Debaugh, plaintiff below, appellee here.

The facts of the case for the purpose of this opinion follow. The appellant shortly after 6:00 p.m. on March 25, 1947, was operating his truck in a northerly direction

on Cowenton Avenue, which runs north and south, in Baltimore County. The weather was clear and the road was dry. Where Cowenton Avenue ends at its intersection with the Joppa Road there is no traffic control signal. The automobile of the appellee was being operated in an easterly direction on the Joppa Road which runs east and west. Cowenton Avenue, as it approaches Joppa Road is twenty feet in width. However, about sixty feet before it intersects and "dead ends" with Joppa Road it gradually widens in a "Y" shape and becomes sixty-six feet in width at the place it intersects with and "dead ends" with Joppa Road. The appellant, driving north on Cowenton Avenue had the option of turning either east or west into the Joppa Road and at the intersection turned left to go west on Joppa Road and collided "head on" with appellee's automobile. The appellee, proceeding in an easterly direction on Joppa Road, which is about twenty feet in width, intended to make a right-hand turn into Cowenton Avenue at the time of the collision. At the trial, the police officer, who investigated the accident, testified that there was an odor of alcohol on the breath of the appellant but that he was not under the influence of alcohol. Appellant admitted that he had stopped at a tavern and had two bottles of beer.

The appellant claims that the trial judge erred in his charge to the jury because he failed and refused to instruct as to the requirements of Code 1947 Supplement, Article 66½, section 170(b). *Radcliffe v. Texas Supply Co.*, 194 Md. 117, 69 A. 2d 813. This section provides: "Approach for a left turn shall be made in that portion of the right half of the roadway nearest the center line thereof and after entering the intersection the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered." The appellant claims that the Court erred in refusing his seventh prayer which was based on this provision of the Code and which reads as follows: "You are instructed that the driver of a vehicle intending to turn

to the left at an intersection shall approach the said intersection as close to the center line as possible on the right half of the roadway, and after entering the intersection, the left turn shall be made so as to leave the intersection to the right of the center line of the roadway being entered."

To sustain this contention the appellant argues in this Court that the intersection of Cowenton Avenue with Joppa Road begins some distance south of the point where Cowenton Avenue runs into Joppa Road. With this contention of the appellant we cannot agree. Code 1947 Supplement, Article 66½, section 2(20), gives the following definition of intersection: "(Intersection.) The area embraced within the prolongation or connection of the lateral curb lines, or if none, the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict." We hold that the words "the intersection" as used in Article 66½, section 170(b) *supra,* for the purposes of this case, means the place where Cowenton Avenue runs into without crossing Joppa Road. Black's Law Dictionary, Third Edition, page 1001; *Buckey v. White,* 137 Md. 124, 129, 111 A. 777; *Brown v. Patterson,* 141 Md. 293, 299, 118 A. 653; *Hendler Creamery Co. v. Friedman,* 160 Md. 526, 528, 154 A. 93; *York Ice Machinery Corp. v. Sachs,* 167 Md. 113, 118, 173 A. 240; *Brown v. Bendix Aviation Corp.,* 187 Md. 613, 618, 51 A. 2d 292. There is no evidence in this case that the appellant in his "approach for a left turn" made it "in that portion of the right half of the roadway nearest the center line thereof [Cowenton Avenue] and after entering the intersection" [the place where Cowenton Avenue runs into without crossing Joppa Road] "the left turn" was "made so as to leave the intersection to the right of the center line of the roadway [Joppa Road] being entered." In fact, one witness testified that the appellant was coming up the left-hand side of Cowenton Avenue and cut the

corner as short as possible and was as close to the west side of Cowenton Avenue as he could get. There being no evidence that the defendant complied with the provisions of Article 66½, section 170(b), *supra*, this instruction was properly refused. The Court in its supplemental charge said: "If you find, therefore, that the defendant is guilty of negligence alone, if you find that defendant did come around on the left side of the road, didn't go out and make the turn in the proper way, but came to the left side, ran into the plaintiff in this case and caused the injuries complained of, if you find that the plaintiff was not [guilty] of any negligence on his part." Furthermore, the Court in his charge said to the jury that it was the duty of the driver of an automobile to yield the right of way from the right. He said: "You are instructed that under the law in the State of Maryland it is the duty of the driver of an automobile to yield the right of way from the right which is at the intersection when there is a danger of a collision; if you find there is any evidence in the case of the plaintiff failing to yield the right of way to the defendant, if you so find then your verdict must be in favor of the defendant." He further said in his charge: "* * * You are instructed that the intersection of Joppa Road and Cowenton Avenue constitutes an intersection of the right of way law even though Cowenton Avenue intersects Joppa Road on the south." As there was no doubt in the case that the defendant was coming from plaintiff's right, this amounted to an instruction that the defendant had the right of way at the intersection. The Court's charge left to the jury the determination as to whether the defendant kept to the right of the intersection. Appellant could hardly complain about the refusal of this instruction based on Article 66½, section 170(b), *supra,* because if it had been granted it would have benefited the appellee rather than the appellant.

At the end of the charge one of the jurors remarked: "May I ask one question? In the prayer about the right of way of an intersection, when I received my driving

license in 1923, any dead end street, whether there is a stop sign there or not, you are supposed to come to a dead end stop. Cowenton Avenue is a dead end street." As a result of that inquiry the Court called the jury's attention to the fact that he had granted certain instructions or prayers and that these prayers set forth the rules of law governing the case and the jury was bound by the law embodied in those instructions. The defendant's second granted prayer instructed the jury as follows: "You are instructed that under the law of the State of Maryland, it is the duty of a driver of an automobile, approaching the intersection, to yield the right of way to traffic approaching said intersection from the right which is at the intersection or so close thereto that there is danger of a collision; that if you find from the evidence in the case that the plaintiff failed to yield the right of way to the defendant, and that such failure to yield the right of way was a direct cause or contributing factor to the happening of the accident, if you so find, then your verdict must be in favor of the defendant." Article 66½, section 176(a). *Clautice v. Murphy,* 180 Md. 558, 26 A. 2d 406. The sixth granted prayer of the defendant follows: "You are instructed that the intersection of the Joppa Road and Cowenton Avenue constitutes an intersection within the meaning of the right-of-way law even though Cowenton Avenue intersects Joppa Road only on the south." The appellant complains that the juror had an erroneous conception of the law and the judge failed to state correctly for the benefit of the jury the point of law involved. The second and sixth granted prayers of the defendant, *supra,* constituted an absolute answer to the juror's question. We see no merit in appellant's complaint.

Prior to the trial of the case the appellant requested an examination of the appellee by Dr. Roy W. Locher. This permission was given. Dr. Locher who made the examination for the appellant was called as a witness by the appellee. He testified in part as follows: "Prior to examining this patient we contacted the attending

physician, Dr. J. G. Miller, he stated that it was all right for us to see him. There was a fracture of one or two ribs on the left side. I do not recall off-hand how many." Dr. Locher further testified that he talked to the appellee and the appellee claimed "presence of a fracture of five ribs on his left side. I stated that was sufficient reason for complaint and discomfort of the left chest, usually such injuries as the X-rays have shown." The appellant objected to the doctor stating there were five ribs fractured. No ruling was made by the trial Court on that objection. The doctor further testified over appellant's objection as to the complaints made to him by the appellee. Dr. Locher said: "The presence of fractures of five of the ribs on the left side certainly is sufficient reason for his complaint of discomfort in the left chest." Appellant contends in this Court that as Dr. Locher saw the appellee only once, four months after the accident, and then for examination and not for treatment, the history of the injuries given him by the appellee on that occasion was not admissible. He cites as his authority *Parker v. State,* 189 Md. 244, 55 A. 2d 784. The specific complaint of the appellant is that Dr. Locher should not have been permitted to testify that the appellee told him of the presence of a fracture of five ribs on his left side. We do not find it necessary to pass upon this objection because Dr. Locher later testified without objection that an X-ray was taken by the technician at his office in the course of his examination of the appellee. He was then asked without objection: "Look at your report. What did your picture of his chest disclose." The attorney for the appellee then stated: "You have got it on the last page of your report, doctor, if it will save some time the last paragraph." Dr. Locher then answered without objection: "The presence of fractures of five ribs on the left side." When asked whether that was what his picture disclosed he answered "Yes," without objection. He further said, without objection: "* * * certainly is sufficient reason for his complaint of discomfort in the left chest."

Therefore, even if there was error in the Court allowing Dr. Locher to testify over objection as to appellee's complaint of fracture of five ribs, this did not prejudice the appellant because the doctor later testified without objection that his X-ray picture showed the fracture of five ribs and this was sufficient for his complaint of discomfort in the left chest. It has been stated many times by this Court that error by the trial judge does not justify a reversal unless such error is prejudicial. *Ross v. Phillips,* 148 Md. 165, 169, 129 A. 21; *Dippel v. Juliano,* 152 Md. 694, 702, 137 A. 514; *Tittlebaum v. Pennsylvania Railroad Co.,* 167 Md. 397, 404, 174 A. 89; *Biggs v. Hutzler Bros. Co.,* 181 Md. 50, 56, 28 A. 2d 609; *Barone v. Winebrenner,* 189 Md. 142, 55 A. 2d 505, 506. There are many decisions of this Court that when inadmissible evidence is admitted over the objection of appellant and the same evidence is afterwards admitted without objection, it is treated as harmless error. *Damm v. State,* 128 Md. 665, 669, 97 A. 645; *Smith v. State,* 182 Md. 176, 184, 185, 32 A. 2d 863; *Barber v. State,* 191 Md. 555, 564, 62 A. 2d 616, 620.

The appellant included in his brief in this case what he claimed to be an "Affidavit of Facts Not Shown by the Stenographic Transcript of the Record." This Affidavit made by the attorneys for the appellant stated that "a hearing had been held on the defendant's motion for judgment n. o. v. or in the alternative for new trial, at which time counsel for the plaintiff and defendant appeared and argued: that ruling on the motion was held *sub curia* by Judge Gontrum, who subsequently requested counsel to appear in his chambers on April 12, 1949. At that meeting * * * the Court stated that in its opinion the verdict was 'high' and asked counsel for the defendant if they would waive any right of appeal which they might have 'if a remittitur in the amount of Three Thousand, Five Hundred Dollars ($3,500.00) was ordered by the Court.'" It having been brought to the attention of the trial judge that this affidavit was included in the appendix to appellant's brief in this court, the

trial judge included in the transcript of the record a memorandum which contained the following: "At the time of the order on the motion for a new trial the late Robert Engle, then counsel for the defendant, William Lokein Francies, stated that the defendant in the case did not desire a new trial as the liability in the case was admitted. Mr. Engle urged that the Court follow a precedent which he stated had been set by Judge Manley of the Supreme Bench of Baltimore City in permitting a judgment to stand in a similar suit and allowing damages to be assessed by a new jury. The Court at that time, in a discussion with counsel, commented that it was relieved to learn that the defendant *admitted* liability as it had seemed so clear to the Court that the defendant was liable that the Court had been reluctant to make any comments whatsoever for fear that any review of the facts might have been construed as a direction for a verdict for the plaintiff. It was only after the unqualified admission of liability by Mr. Engle, counsel for the defendant, and a statement that no new trial as to liability was desired, that the Court suggested that probably immediate payment of $10,000.00 without an appeal would be practical solution of the matter and asked counsel if such a proposition would be entertained. The Court stated it would, if the suggestion were acceptable, order a remittitur of $3,500.00. The Court further said that, although the amount of verdict was 'high', it was not shocking to the conscience and sense of fairness of the Court, and not so excessive as to entitle the defendant to a new trial or inquisition. The Court added that apparently the jury had given greater weight to the testimony of the defendant's physician than to that of the medical expert who testified on behalf of the plaintiff."

Rule 18 of this Court relating to appeals provides: "Promptly after an appeal is taken, the appellant shall serve upon the appellee and file in the lower Court a designation of the portions of the record, proceedings and evidence to be contained in the record on appeal.

Within ten days thereafter any other party to the appeal may serve and file a designation of additional portions of the record, proceedings and evidence to be included. Instead of serving such designations, the parties, by written stipulation filed with the clerk of the lower Court, may designate the parts of the record, proceedings, and evidence to be included in the record on appeal. It is not necessary for the record on appeal to be approved by the lower Court or judge thereof, but if any difference arises as to whether the record truly discloses what occurred in the lower Court, the difference shall be submitted to and settled by the Court and the record made to conform to the truth." It was therefore entirely proper for the trial judge to file this memorandum in answer to the affidavit of the appellant, as to the truth of just what occurred in the lower Court. Appellant contends that although the question of a new trial and the matter of a remittitur are addressed to the sound discretion of the trial judge, the affidavit of facts, *supra,* shows that the trial judge considered the verdict "high" and therefore it was his duty to order a remittitur or grant a new trial without first demanding as a condition that the defendant waive his right of appeal. He cites as his authority *Brawner v. Hooper,* 151 Md. 579, 594-597, 135 A. 420; *Baltimore C. & A. R. Co. v. Turner,* 152 Md. 216, 231, 136 A. 609. Those cases are not in point here. The trial Court did not determine that the verdict of the jury was grossly excessive or that it was shocking to the conscience and sense of fairness of the Court, and did determine that it was not so excessive as to entitle the defendant to a new trial or inquisition. This was at the worst an effort by the trial judge to force the plaintiff to settle the case for less than the amount of the verdict. The defendant did not agree to settle and was not injured.

Under the provisions of Rule 18 the appellant served upon the appellee a designation of the portions of the record to be contained in the record on appeal. Among the matters designated was a photograph of the black-

board used at the trial, upon which there was a drawing purporting to show the intersection and the manner in which the truck and automobile met at the intersection, and also the "Affidavit Of Facts" hereinbefore set forth. The trial judge as a result of a petition filed by the appellee ordered that these two designations be deleted from the designation of record filed by the appellant. However, the appellant put these matters so designated in the appendix to his printed brief. The appellee filed a motion in this Court to dismiss the appeal because these two matters were included, contrary to the orders of the trial judge. Under the provisions of Rule 18, *supra,* it is not left to the trial judge to designate what portions of the record shall go to this Court on appeal. That is the duty of the parties to this cause. The authority of the trial judge under this rule is merely to make the record conform to the truth of what happened below. The memorandum filed by the trial Court in reply to the "Affidavit Of Facts", *supra,* is a fit example of the jurisdiction of the trial judge under Rule 18, *supra.* It is not necessary that we pass upon the other matters contained in appellee's motion to dismiss the appeal as the judgment will be affirmed in favor of the appellee.

For the reasons herein given we find no merit in the objections raised by the appellant and the judgment will be affirmed.

*Judgment affirmed, with costs.*